## THE STATE v. OTHO SUTTON, Appellant.

### Division Two, February 7, 1911.

° **SETTING ASIDE ORDER OF APPEAL:** Granting New Trial and
Subsequent Conviction. The action of the trial court, after
having overruled defendant's motions for new trial and in ar-
rest and after having made an order granting him an appeal
and approving his bond, in setting aside said orders and again
taking up the motions and sustaining them and granting him a
new trial, upon its own initiative and in the absence of de-
fendant, was without authority of law and illegal; and upon
a proper plea in bar being filed, a subsequent conviction and
judgment thereafter should be set aside, and the former judg-
ment considered as in force. [See State v. Sutton, page 244,
this volume.]

Appeal from Reynolds Circuit Court.—*Hon. Jos. J.
Williams*, Judge.

REVERSED

BROWN, J.—The defendant was convicted in the
circuit court of Reynolds county on May 29, 1910, on
an information charging him with having carnal knowl-
edge of one Ida Speer, an unmarried female, between
the ages of fourteen and eighteen years, of previous
chaste character. The record proper shows that this
was the second conviction of the defendant in this case.

The defendant filed a plea in bar, reciting a prior
conviction herein on the 25th day of November, 1909,
and an appeal from the judgment on such conviction;
and while the plea in bar is not preserved in the bill
of exceptions, it is alleged by the defendant and ad-
mitted by the Attorney-General that this is the same
case in which a judgment and conviction in the trial
court, rendered on the 25th day of November, 1909,
was affirmed by this court at its present term.

As will be seen by our first opinion herein filed, we have found that the action of the trial court in awarding defendant a new trial of its own motion after it had granted him an appeal to this court and had approved his appeal bond, was unauthorized and without warrant of law. We are of the opinion that all the proceedings in this cause had in the circuit court of Reynolds county after the granting of the first appeal on the 25th day of November, 1909, are illegal.

The judgment of the circuit court of Reynolds county, entered on the 31st day of May, 1910, adjudging the defendant guilty, and assessing his punishment at a fine of five hundred dollars, and three months' imprisonment in the county jail, is therefore reversed. *Kennish, P. J.,* and *Ferriss, J.,* concur.