Motion to dismiss appeal denied September 30, 1913.

On the merits, argued April 24, modified June 9, 1914.

## SMITH v. BURNS,*

(135 Pac. 200; 142 Pac. 352.)

**Appeal and Error—Notice of Appeal—Service—"Adverse Party."**

1. Section 550, L. O. L., requiring a notice of appeal to be served on such adverse parties as have appeared in the action, does not require one of two defendants against whom a joint judgment for personal injuries has been rendered to serve a notice upon his codefendant who did not appeal, since an "adverse party" is one whose interest in the judgment appealed from is in conflict with the modification or reversal sought by the appellant, and the codefendant in a tort action could not be in any way prejudiced by the reversal, not being entitled to contribution from the other defendant.

**Master and Servant—Injury to Third Person—Existence of Relation.**

2. The owner of an automobile, whose stepson, living in another apartment, drove the car for the owner and his family at times, but did not have authority to get or use the car without permission from the owner or his wife, is not liable for injuries from being struck by the automobile when operated by the stepson without the knowledge or consent of the owner or his wife.

[As to acts of servant for which master is not responsible, see notes in 27 Am. Rep. 702; 54 Am. St. Rep. 71.]

From Multnomah: GEORGE N. DAVIS, Judge.

In Banc. Statement by MR. CHIEF JUSTICE McBRIDE.

This is a motion to dismiss an appeal in an action by George Smith against D. C. Burns and Arthur Gossman.

The defendant Burns was sued jointly with one Gossman for personal injuries sustained by plaintiff, whose complaint alleged that Gossman, while driving Burns' automobile upon business for Burns, negli-

*For authorities on the responsibility of the owner when car is being used by servant or another for his own pleasure or business, see notes in 1 L. R. A. (N. S.) 235; 9 L. R. A. (N. S.) 1033; 14 L. R. A. (N. S.) 216; 21 L. R. A. (N. S.) 93; 26 L. R. A. (N. S.) 328; 33 L. R. A. (N. S.) 79; 37 L. R. A. (N. S.) 834, and 47 L. R. A. (N. S.) 662.                                              REPORTER.

gently ran over and injured plaintiff. The defendants answered separately, and upon the trial there was a verdict and judgment against both of them for $750. Burns alone appealed, but made no service of notice upon his codefendant. The motion to dismiss is made upon the theory that Gossman is an adverse party within the meaning of the statute; that, no service having been made upon him, this court is without jurisdiction.                              MOTION DENIED.

*Mr. S. D. Parker* and *Mr. Isham N. Smith,* for the motion.

*Mr. Paul M. Long* and *Messrs. Christopherson &* *Matthews, contra.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. Section 550, L. O. L., contains the following provision:

"The party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action,". etc.

An adverse party is a party whose interest in the judgment appealed from is in conflict with the modification or reversal sought by appellant: *Conrad* v. *Pacific Packing Co.,* 34 Or. 341 (57 Pac. 1021). Were this a case arising upon contract or matters of that character wherein one judgment debtor can call upon another for contribution in case he is compelled to pay all of the judgment, he would of necessity be injuriously affected if the appealing party should be released upon appeal; but in a tort of the character declared upon here he cannot call upon his codefendant for contribution in any event: 7 Am. & Eng. Ency. Law (2 ed.), 364; 9 Cyc. 804. The defendant Gossman by not ap-

pealing has, in effect, said that he is satisfied with the judgment, and in any event he cannot be placed in a worse position by any change in the judgment against his codefendant upon appeal.        MOTION DENIED.

---

Decided June 9, 1914.

ON THE MERITS.

(142 Pac. 352.)

Department 2.   Statement by MR. JUSTICE EAKIN.

This is an action for damages for personal injuries suffered when plaintiff was struck by defendant's automobile. The defendant D. C. Burns, at the time of the acts complained of, was owner of the automobile by which the injury was caused. Arthur Gossman, his stepson, was operating the machine at the time of the accident. He was married and lived at 503 Mill Street, an apartment house, in which defendant Burns also occupied an apartment. Before his marriage he lived with Burns. He was in the employ of the Oregon Hardware Company. Burns owned and maintained the auto as a pleasure car for his family, and Gossman drove the car for Burns and his family at times, but did not have authority to get or use the car without permission from Burns or his wife. He had used it by express permission on a few occasions. On the day of the accident neither Burns nor his wife was at home, and Gossman took the car to go after his wife, who was on the east side of the river. On his return the car collided with plaintiff, causing the injury of which he complains; and he brought this action against Burns and Gossman for damages. Burns answered separately disclaiming liability. Upon trial a verdict was returned against the defendants jointly,

and from a judgment thereon, defendant Burns appeals.                                   Modified.

For appellant there was a brief over the names of *Mr. Paul M. Long* and *Messrs. Christopherson & Matthews,* with oral arguments by *Mr. Q. L. Matthews.*

For respondent there was a brief over the names of *Mr. Shirley D. Parker* and *Mr. Isham N. Smith,* with an oral argument by *Mr. Smith.*

Mr. Justice Eakin delivered the opinion of the court.

As our view of the case necessitates a reversal of the judgment, we need discuss only point 3 made in the brief, namely, error by the court in refusing, at the close of the trial, to direct a verdict in favor of the defendant Burns. The contention of plaintiff is that Burns was the owner of the machine kept for the pleasure of his family, and, as Gossman used it sometimes for the family and for himself, Burns was responsible for the carelessness of its operation by Gossman. Gossman at the time of the accident was not on an errand or any business for Burns, but took the auto for an errand of his own. Neither he nor his wife was a member of Burns' family. He was not connected with, in the employment of, or in any way acting for or on behalf of Burns. The case is very similar to that of *Maher* v. *Benedict,* 123 App. Div. 579 (108 N. Y. Supp. 228), where it is held:

"Liability cannot be cast upon the defendant because he owned the car, or because he permitted his son to drive the car whenever he wished to do so. * * Liability arises from the relationship of master and servant, and it must be determined by the inquiry whether the driving at the time was within the authority of the master, in the execution of his orders, or in the doing

of his work''—quoting from *Cavanaugh* v. *Dinsmore,* 12 Hun, 468: "It is well settled that the master is not liable for injuries sustained by the negligence of his servant while engaged in an unauthorized act, beyond the scope and duty of his employment * * although the servant is using the implements or property of the master."

The case of *Bursch* v. *Greenough Bros. Co.* (Wash.), 139 Pac. 870, is directly in point. The same principle is announced in *Dalrymple* v. *Covey Motor Car Co.,* 66 Or. 533 (135 Pac. 91, 48 L. R. A. (N. S.) 424); *Jones* v. *Hoge,* 47 Wash. 663 (92 Pac. 433, 125 Am. St. Rep. 915, 14 L. R. A. (N. S.) 216); *Birch* v. *Abercrombie,* 74 Wash. 486 (133 Pac. 1022, 50 L. R. A. (N. S.) 59). In *Jones* v. *Hoge,* 47 Wash. 663 (92 Pac. 433, 125 Am. St. Rep. 615, 14 L. R. A. (N. S.) 216), it is said:

"If the act be done while the servant is at liberty from the service and pursuing his own ends exclusively, the master is not responsible. If the servant was, at the time the injury was inflicted, acting for himself and as his own master *pro tempore,* the master is not liable."

In each of those cases there was no controversy but that the operator of the machine was the employee or servant of the defendant; but here no such relation is shown to exist, and the situation is not changed by the fact that this was a machine kept for the pleasure of the family only. In *Birch* v. *Abercrombie,* 74 Wash. 486 (133 Pac. 1022, 50 L. R. A. (N. S.) 59) it is said:

"The fact that the agency was not a business agency, nor the service a remunerative service, has no bearing upon the question of liability. * * In running his vehicle she (the daughter) was carrying out the general purpose for which he owned it and kept it. No other element is essential to invoke the rule *respondeat superior.*"

Plaintiff contends that Gossman was using the machine for family purposes, quoting from *Birch* v. *Abercrombie,* 74 Wash. 486 (133 Pac. 1022, 50 L. R. A. (N. S.) 59):

"The rule of *respondeat superior* arises whenever the vehicle is obtained to carry out the general purposes for which the owner keeps it, and anyone driving such machine, with the owner's consent, express or implied, is the owner's agent."

As applied to this case, that would be carrying the rule too far. Burns had the vehicle for the pleasure and convenience of his family, and - none other. Though Peterson, his next door neighbor, used it for the pleasure of his family, Burns would not be liable for an accident to a stranger under the rule *respondeat superior.* That would not be within the general purpose for which Burns kept it. Gossman was not running the machine for the purpose for which Burns owned and kept it, but solely for his own private purpose, without the knowledge or direction of Burns.

The judgment is reversed as to Burns, and the action dismissed as to him.          MODIFIED.

MR. JUSTICE BEAN, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE McNARY not sitting.