Argued October 21, decided October 23, 1913.

# In Re VON KLEIN.

(135 Pac. 870.)

**Mandamus—When Lies—Remedy by Appeal.**

　Under Section 1701, L. O. L., providing that if accused, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of court in which the indictment is triable after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown, Section 1606, providing that an appeal may be taken from an order refusing to dismiss an indictment for such cause, and section 613, providing that *mandamus* shall not issue in any case where there is a plain, speedy and adequate remedy of the law, *mandamus* will not lie to compel the dismissal of an indictment for delay in bringing accused to trial, the remedy by appeal being adequate.

Department 1. Original proceeding in Supreme Court.

Statement by Mr. Chief Justice McBride.

This is an original proceeding by E. E. C. Von Klein, for a writ of *mandamus* directed to the Circuit Court for the county of Multnomah, department No. 1. The writ recites the following facts: On June 13, 1913, petitioner was indicted by the grand jury of Multnomah County for the crime of larceny, and upon the 8th day of July following another indictment was returned, charging him with the crime of polygamy. Upon the first indictment petitioner pleaded not guilty, and the cause was set for trial on July 15, 1913. A trial was had thereon before Hon. Robert G. Morrow, one of the judges of the Circuit Court, resulting in a failure of the jury to agree. Thereafter the court, upon application of the district attorney, without any showing by the state, and against the protest of petitioner, set the case for trial on the 2d day of September, at which time petitioner appeared and demanded trial. Thereupon the district attorney filed

an affidavit for continuance, and the defendant filed a counter-affidavit. After argument the court, without warrant of law or cause having been shown, continued the trial until October 27, 1913, and over the September term of court, the September term being the next term ensuing after the filing of the indictment. On the 6th day of October, 1913, petitioner filed a motion to dismiss the indictment on the ground that the court was without jurisdiction to try the cause, which motion was denied by the court. The petitioner alleges that about July 8, 1913, he was arraigned and pleaded not guilty to the charge in the indictment for polygamy; that no attempt was made by the state to prosecute him upon such charge; that on the 2d day of September, 1913, he appeared and demanded immediate trial, and that the district attorney made no application for a continuance or any showing therefor, except to ask that the trial be set for October 27, 1913; that the September term was the term next ensuing; and that petitioner is entitled to have the indictment dismissed for failure of the state to bring the case on for trial at the term of court next following the indictment. A motion to that effect was made and overruled. The writ also alleges that the principal witnesses on behalf of the state have departed therefrom through no fault of petitioner, it appearing from the allegations thereof that it is not probable they will ever return. The defendant demurred generally and specially.          DEMURRER SUSTAINED: WRIT QUASHED.

*Mr. Wilson T. Hume,* for the petitioner.

*Mr. Robert F. Maguire, contra.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

Section 1701, L. O. L., is as follows: "If a defendant indicted for a crime, whose trial has not been post-

poned upon his application or by his consent, be not brought to trial at the next term of court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown." Section 1606 provides that an appeal may be taken from an order refusing to dismiss the indictment for the causes specified in Section 1701. Section 613, L. O. L., provides *inter alia:* "The writ (of *mandamus*) shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law." Having a remedy by appeal the petitioner cannot avail himself of the extraordinary remedy by *mandamus:* 3 Blackstone, 266, note 11; *Durham* v. *Monumental S. M. Co.,* 9 Or. 41; *Ex parte Williamson,* 8 Ark. 424; *State ex rel. Harris* v. *District Court,* 27 Mont. 280 (70 Pac. 981); *State ex rel. Hennessy* v. *District Court,* 26 Mont. 274 (67 Pac. 625); *Commonwealth ex rel. Hoopes* v. *Thomas,* 163 Pa. 446 (30 Atl. 206); *State ex rel. City of Milwaukee* v. *Ludwig,* 106 Wis. 226 (82 N. W. 158). The case of *Ex parte Ford,* 160 Cal. 334 (116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882), and the case of *Ford* v. *Superior Court,* 17 Cal. App. 1 (118 Pac. 96), would seem to intimate a view contrary to the authorities above cited; but, upon examination of the California code, it appears that there is no provision for an appeal from an order refusing to dismiss an indictment. In his concurring opinion in *Strong* v. *Grant,* 99 Cal. 100 (33 Pac. 733), Mr. Chief Justice BEATTY clearly depicts the intolerable situation of a defendant under the California statute, which permits an appeal only from a final judgment of conviction. In this state the statute gives the right to have the indictment dismissed, and provides a remedy for a violation of that right, namely, by appeal. A specific remedy being provided, *mandamus* will not lie.

It is contended upon the argument that the remedy by appeal would not be adequate, for the reason that upon appeal the decision of the lower court could be reversed only for an abuse of discretion; but the argument is fallacious. Either the defendant had an absolute right to a dismissal upon the facts presented, or the court had an absolute right to refuse. If it was a matter of discretion, and the court exercised that discretion, we have no right to interfere in any event. If, on the other hand, the attempted showing made by the state was not up to the standard required by law, the court was without jurisdiction to try the case, and erred in refusing to dismiss it. It is clear that every question which petitioner seeks to raise by this proceeding could have been raised upon an appeal from the motion to dismiss.

The demurrer will be sustained and the writ quashed.    WRIT QUASHED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.