Argued September 22, reversed and dismissed October 13, reversed and remanded and rehearing denied December 2, 1925.

## STATE EX REL. SCHOOL DISTRICT No. 56, COLUMBIA COUNTY, *v.* B. F. KLECKNER ET AL.

(239 Pac. 817; 240 Pac. 1115.)

**Quo Warranto—Copy of Complaint and Summons must be Served on Each Defendant to Acquire Jurisdiction.**

1. In view of Section 363, Or. L., abolishing writ of *quo warranto* and providing that remedy obtained thereby may be had in action at law, copy of complaint and summons must be served on each of defendants to acquire jurisdiction under Section 55.

**Appeal and Error—Second Judgment Based on Service of Summons After Appeal from First Judgment Void.**

2. On perfection of appeal, lower court lost jurisdiction of cause and could not render second judgment based on subsequent service of summons on defendant not theretofore served.

**Appeal and Error—Chairman of Board of Directors of School District not Necessary Party to Appeal from Adverse Judgment in Quo Warranto Proceedings.**

3. Chairman of board of directors of school district, *held* not necessary party to appeal by members thereof from judgment against them in *quo warranto* proceedings; not being interested in sustaining judgment that he was wrongfully and unlawfully usurping office.

**Appeal and Error — Defendant not Appearing Below not Necessary Party to Appeal.**

4. Chairman of board of directors of school district, having made no appearance in *quo warranto* proceedings against them, was in default and hence not a necessary party to their appeal under Section 550, Or. L.

---

See (1) 32 Cyc. 1439.    (2) 3 C. J. 1255.    (3) 3 C. J. 1017.    (4) 3 C. J. 1018 (Anno.).

From Clatsop: J. A. EAKIN, Judge.

Department 2.

REVERSED.

For appellants there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

For respondents there was a brief over the names of *Mr. F. G. Leinenweber,* District Attorney, and *Mr. A. C. Fulton,* with an oral argument by *Mr. G. C. Fulton.*

BELT, J.—This is a proceeding in *quo warranto* to test the validity of the consolidation of certain school districts in Clatsop and Columbia Counties and the right of the directors and clerk thereof to hold their respective offices. On the original summons the sheriff was directed to and did serve a copy of the complaint and summons on defendant Kleckner, chairman of the board of directors, and a copy of the summons only on the other defendants. No appearance was made by any of the defendants, and after order of default, judgment was entered by Honorable J. U. CAMPBELL, Circuit Judge, declaring null and void the proceedings had to consolidate the school districts in question and that the defendants Kleckner, Jacobson, Darnell and Hodgmen were wrongfully and unlawfully attempting to exercise rights as such school officers. Appeal was taken from this judgment, and, while the cause was pending in this court, plaintiff caused a second summons and complaint to be served on each of the defendants herein. Special appearance was made to quash such service of summons on the ground that the trial court had lost juris-

diction by reason of the pending appeal, but the motion was denied. Judgment was again entered by Honorable J. A. EAKIN, Circuit Judge, having the same import as that which had been previously rendered. From this second judgment appeal was taken.

1. In oral argument counsel for respondents frankly admitted that summons was issued in the first instance through inadvertence and mistake on the theory that *quo warranto* was an equitable proceeding. Section 363, Or. L., provides that the writ of *quo warranto* is abolished and that the remedy heretofore obtained thereby may now be had in an action at law. Since this is an action, and not a suit, it follows that a copy of the complaint and summons must have been served on each of the defendants in order to acquire jurisdiction: Section 55, Or. L.; *Lane* v. *Ball,* 83 Or. 404 (160 Pac. 144, 163 Pac. 975). It is clear that the first judgment entered is null and void on account of failure to obtain jurisdiction over the persons affected thereby.

2. Is the second judgment of any force or effect, based upon service of summons after appeal from the first judgment had been perfected? We think not. No doubt the second summons was issued in the hope of curing what was then recognized to be a fatal error. However, after the appeal was perfected, the lower court lost jurisdiction of the cause and could take no step to defeat appellants of the right to prosecute their appeal with effect. It is not a question of correcting the record so as truly to set forth the proceedings as they actually occurred: *Helms Groover & Dubber Co.* v. *Copenhagen,* 93 Or. 410 (177 Pac. 935); 2 R. C. L. 120. A recognition of any other rule would lead to uncertainty and confusion in litigation, and in effect would enable the lower court to review its

own proceedings: *Hanley* v. *Stewart*, 54 Or. 38 (102 Pac. 2); *Durbrow* v. *Chesley*, 23 Cal. App. 627 (138 Pac. 917); *Inland Nursery & Floral Co.* v. *Rice*, 56 Wash. 21 (104 Pac. 1117); 3 C. J. 1255.

3, 4. We cannot agree with the contention that Kleckner is a necessary party to these appeals, and that because of failure to make him so the cause should be dismissed. It has been many times held in this jurisdiction that a necessary party to an appeal is one whose interest in the judgment appealed from is in conflict with the modification or reversal sought by the appellant: *Spitzer* v. *"Annette Rolph" et al.,* 110 Or. 461 (218 Pac. 748, 223 Pac. 253); *Smith* v. *Burns,* 71 Or. 133 (135 Pac. 200, 142 Pac. 352, Ann. Cas. 1916A, 686, L. R. A. 1915A, 1130). In the instant case Kleckner is certainly not interested in sustaining the judgment of the lower court that he was wrongfully and unlawfully usurping the office of school director. He could not further be aggrieved by a decision of this court. Furthermore, having made no appearance he was in default. It was therefore unnecessary to make him a party on appeal: Section 550, Or. L.; *In re Faling's Will,* 105 Or. 365 (208 Pac. 715); *United States Investment Corp.* v. *Portland Hospital,* 40 Or. 523 (64 Pac. 644, 67 Pac. 194, 56 L. R. A. 627).

It follows that the judgments entered herein, so far as affected by these appeals, are reversed and the action is dismissed without prejudice.

Reversed and Dismissed.

McBride, C. J., and Bean, J., concur in the result.

Brown J., concurs.

Reversed and dismissed on rehearing December 2, 1925.

## ON PETITION FOR REHEARING.

### (240 Pac. 1115.)

For the petition, *Mr. F. G. Leinenweber,* District Attorney, and *Messrs. G. C. & A. C. Fulton.*

*Contra, Messrs. Norblad & Hesse.*

BELT, J.—In a pointed, yet able, petition for rehearing counsel for respondents, among other things, say, "something has gone wrong in this case." We are inclined to agree in this contention; but, after careful consideration of the questions involved, are not disposed to enter a plea of guilty to all of the counts in the "indictment." We are satisfied the law of the case has been declared, and see no reason to change our holding, except that the cause should not have been dismissed but remanded, that proceedings may be had in the event jurisdiction over defendants is obtained. It is therefore ordered that the judgments entered, so far as affected by these appeals, be set aside and reversed and the cause remanded as above stated.          REVERSED AND REMANDED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.