Original proceeding for writ of mandamus, argued July 9; writ denied July 11, 1932

## JOHNSTON ET AL. *v.* CIRCUIT COURT FOR MULTNOMAH COUNTY ET AL.

(12 P. (2d) 1027)

*Robert G. Smith,* of Portland, for petitioners.

*Barnett H. Goldstein,* Assistant Attorney General, for defendants.

BEAN, C. J.   This is an original proceeding in mandamus. It is shown by the petition for the writ of mandamus and by the answer to the petition, which is not questioned, as follows:

On February 16, 1932, the Grand Jury of the County of Multnomah, State of Oregon, returned an indictment, No. C-17301, against petitioners Carl H. Johnston and C. A. DeGrace for the crime of violating section 25-1325, Oregon Code 1930, known as the Blue Sky Law. March 8, 1932, the petitioners appeared by their attorneys John A Collier and Earl Bernard, and, upon being arraigned, applied to the court for a con-

tinuance within which to plead or move against the indictment, which continuance was granted. On March 15, 1932, petitioners, by their attorneys John A. Collier and Earl Bernard, filed a motion to quash the indictment. This motion was denied on April 7, 1932, and the petitioners were given until April 9 within which to further plead or move against the indictment. On that date the petitioners, by their attorneys Collier, Collier & Bernard, served on the Assistant Attorney General what purported to be a true copy of the original demurrer filed against the indictment and by agreement of the said attorneys the hearing upon said demurrer was to be continued until after the completion of certain cases in which Barnett H. Goldstein, Assistant Attorney General, was then engaged in Polk county, which were not completed until June. Notice was given Collier, Collier & Bernard that the demurrer would be heard on June 13, 1932. At that time those attorneys gave notice of their withdrawal as attorneys for petitioners, and Robert G. Smith then appeared and filed a new demurrer and requested time within which to prepare for the argument upon the same. On June 14 the court overruled the demurrer and fixed June 20, 1932, within which to plead to the indictment. On that date the petitioners appeared and entered a plea of "not guilty" to the indictment which put the cause at issue. On the same date petitioners filed a motion for change of venue, which motion was denied. On June 22, 1932, petitioners filed a motion to dismiss the indictment because the defendants were not tried at the next term of court in which the indictment was triable, the indictment having been returned on February 16, 1932, and since the month of February the court had been in session for three terms, for the

months of March, April and May, and was then in session for the June term, beginning June 1, and the trial of the indictment was not postponed upon application or consent of the petitioners.

Thereafter upon hearing on June 26, 1932, the court denied the motion to dismiss, and, over the objections of the defendants in that action, set the trial on the indictment for July 12, 1932. On June 28, 1932, petitioners served notice of appeal to this court from the order of said court of Multnomah county overruling defendants' motion to dismiss the indictment. On June 29, 1932, petitioners filed a motion for an order continuing the trial of said cause. On July 2, 1932, the trial court denied the petitioners' motion for a continuance of the trial.

Section 13-1602, Oregon Code 1930, provides:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown."

Section 13-1205, Oregon Code 1930, gives the defendant the right to appeal from an order denying the motion to dismiss the indictment as provided in section 13-1602.

The proceedings in the criminal case, as shown by the petition for the writ of mandamus, indicate that the action was not tried on account of the course of procedure taken by defendants and the assent of the defendants, by their atorneys Collier, Collier & Bernard, obtained to the postponement of the hearing on the demurrer until after the completion of the trial of the case in which the Assistant Attorney General was

engaged. It appears on the face of the record that there was good cause why the indictment should not be dismissed.

Petitioners have not shown by their petition facts sufficient to bring them within the statute entitling them to dismissal of the indictment or to show that the trial court should be ordered "to vacate the order setting the cause for trial; to postpone the trial of the defendants on the above indictment until after the determination of their appeal from the order overruling the defendants' motion to dismiss the indictment against them."

In other words, the record discloses that the defendants have no substantial ground for their appeal from the order denying the motion to dismiss. The defendants, it would appear, should have moved to dismiss the action prior to entering a plea of not guilty and moving for a change of venue, and practically announcing that they were ready for trial.

Section 13-1602 was enacted for the purpose of preventing a wrongful delay in the trial of a criminal action, unless there is good cause shown that the indictment should not be dismissed.

The trial court had all of the proceedings before it and was in a position to determine whether it was a proper case for dismissal. The record indicates that the criminal action proceeded in an orderly manner in accordance with the usual practice in that court: *State v. Bateham,* 94 Or. 524 (186 P. 5); *State v. Goldstein,* 111 Or. 221 (224 P. 1087). A speedy trial is one conducted according to fixed rules, regulations, and proceedings of law free from vexatious, capricious, and oppressive delay created by the ministers of justice: *State v. Lee,* 110 Or. 682 (224 P. 627).

Where the defendant is first in the field asking for a delay by request for time or a motion for continuance or a change of place of trial, which resulted in delays, the indictment should not be dismissed: *State v. Stilwell,* 100 Or. 637 (198 P. 559).

Section 13-1602 was enacted for the purpose of carrying out the constitutional guaranty contained in Art. I, § 10, of our constitution, that justice shall be administered completely and without delay: *State v. Putney,* 110 Or. 634 (224 P. 279).

This court will not review the trial court's finding that the indictment should not be dismissed, for the reason that the defendant consented to the postponement of the trial, or that there was good cause shown why the indictment should not be dismissed unless error is palpable and there has been a clear abuse of discretion: *State v. Barrett,* 121 Or. 57 (254 P. 198).

Therefore the writ of mandamus is denied.

BELT, J., not sitting.

BROWN, J., concurs.

RAND, ROSSMAN, KELLY and CAMPBELL, JJ., concur in result, with separate opinions by KELLY and RAND, JJ.

---

KELLY, J. (concurring in the result.) An appeal from the Circuit Court to the Supreme Court having been perfected in the case of *The State of Oregon v. Carl H. Johnston and C. A. De Grace,* in which, among other things, the sufficiency of the indictment is challenged by a demurrer, the Circuit Court is without jurisdiction to try that case or make any valid order therein except to make those orders which are necessary for the presentation of the case in the Supreme

Court: *State v. Sutton,* 232 Mo. 251 (134 S. W. 664) ; *Reed v. State,* 10 Okl. Cr. App. 444 (137 P. 369) ; *France v. Superior Court,* 201 Cal. 122 (255 P. 815, 52 A. L. R. 869) ; *Ex parte Bumbaugh,* 106 S. W. 362; *Edwards v. State,* 125 Ga. 5 (53 S. E. 579) ; *Ex parte Johannes,* 1 P. (2d) 984, and cases there cited; *Green v. State,* 21 Ala. App. 201 (106 So. 683) ; *Houston v. State,* 4 P. (2d) 388 ; *State v. Groom,* 89 Mont. 447 (300 P. 226) ; Vol. 9, Third Decennial Digest, subject: Criminal Law, Sec. 1083, and cases there cited.

In Oregon, we have no authorized procedure as in Georgia whereby a defendant may except directly to an adverse ruling upon demurrer, and have the question certified to the appellate court; hence, the doctrine of the courts of Georgia as applied to that procedure is not controlling in the case at bar: *Alumbaugh v. The State,* 39 Ga. App. 559 (147 S. E. 714).

The proposed order vacating the Circuit Court's order fixing July 12, 1932, as the time for the trial of said case and postponing the trial of said case, is not necessary for the proper presentation of said case on appeal, and, hence, the Circuit Court is without jurisdiction to make such proposed order. For that reason, in the opinion of the writer, the Supreme Court ought not to direct the Circuit Court to make said proposed order.

———

RAND, J. (concurring). I concur in the result of the decision written by the Chief Justice for the following reasons:

It appears from the records and files of the criminal case that no plea to the indictment was entered by the petitioners herein, the defendants therein, until June 20, 1932, for the reason that dilatory motions had been

filed by the defendants and were under consideration by the court up to that time. Until that date, the criminal case was not at issue and could not be tried and, therefore, did not come within the provisions of section 13-1602, Oregon Code 1930.

Under those circumstances, and petitioners dispute none of said facts, the trial of defendants under said indictment has not been postponed without their consent in violation of the statute. The appeal, therefore, if said facts are true, and they are not disputed in this proceeding, was taken without any authority of law whatsoever and is entitled to no consideration in this or any other court. The matter presented here is a petition for mandamus to compel the trial court to postpone the trial of defendants until their so-called appeal has been disposed of. Under the conditions disclosed, no court would be authorized to exercise the extraordinary power of issuing a mandamus requiring the trial court to postpone the trial of the cause until said so-called appeal has been disposed of in this court.

For these reasons, I was in favor of denying the application without the writing of any opinion but since it was thought proper that the matter should be disposed of by an opinion, I am stating my reasons for concurring in the result.

ROSSMAN and CAMPBELL, JJ., concur.