Argued November 19; affirmed December 16, 1941

# FIDELITY & CASUALTY CO. OF NEW YORK *v.* CHAPMAN ET AL.

(120 P. (2d) 223)

Before KELLY, Chief Justice, and RAND, BELT, ROSS-MAN, BAILEY, LUSK and BRAND, Associate Justices.

*S. J. Bischoff,* of Portland (Jerome S. Bischoff, of Portland, on the brief), for appellant.

*Donald K. Grant* and *Randall Kester,* both of Portland (Maguire, Shields & Morrison, of Portland, on the brief), for respondents.

BELT, J. This is a suit to compel contribution between joint tort-feasors whose negligence is alleged to have caused damage to the person and property of a third person. A demurrer to the complaint was sustained and, upon refusal of the plaintiff further to plead, the suit was dismissed. Hence this appeal.

The complaint discloses the following facts material to the legal question before us for consideration: S. W. Barrett, owner and operator of a logging automobile truck and trailer, commenced separate actions against the Korn Baking Company, a copartnership, to recover damages resulting from the negligent operation of the latter company's automobile truck which struck the Barrett truck and trailer.

In the action to recover damages for injury to property, a verdict and judgment was had for the plaintiff Barrett therein. In such action, the Korn Baking Company alleged that the damage was caused by the negligence of the defendants herein, L. M. Chapman and William Carson, owners and operators of a Dodge logging truck and trailer which, it asserted, created an emergency by turning in front of the Korn Baking Company truck and trailer, thereby causing the driver of the latter to swerve to the left side of the highway, striking the Barrett truck. Korn Baking Company also asserted contributory negligence on the part of Barrett in parking the truck and trailer on the highway.

In the personal injury action—wherein were involved the same issues of negligence—the defendant Korn Baking Company confessed judgment in the sum of $5,000. The Fidelity & Casualty Company of New York, plaintiff herein, had issued a policy of public liability and property damage on the truck and trailer owned by Korn Baking Company. This policy was in force and effect at the time in question.

The plaintiff insurer paid and satisfied the judgments above mentioned and, being subrogated to the rights of Korn Baking Company, commenced this suit to compel contribution by the other alleged tort-feasor the defendants herein.

It is observed that the defendants herein, against whom contribution is sought, were not parties to the original actions. They have not yet been given the opportunity to have the issues of negligence and the amount of damages determined in a jury trial. Before establishing any common liability as tort-feasors on the part of Korn Baking Company and the defendants herein, the plaintiff now asks in a suit in equity to be awarded one-half the amount paid in satisfaction of the judgments and expenses incurred in defense of the actions. When Korn Baking Company confessed judgment in the sum of $5,000, the defendants Chapman and Carson had no voice in the matter. The doctrine of contribution rests upon compulsory payment. We are not dealing with a case wherein joint judgments were satisfied by one of the alleged tort-feasors. It is immaterial, however, whether the complaint sounds in law or in equity, if no contribution can be compelled.

■■■ The basic question is whether, under the common law, contribution can be compelled between joint tort-feasors where the injury was the result of the active and concurrent negligence of both wrongdoers. In the absence of statute, the general rule is that there can be no contribution between or among joint tort-feasors: 18 C. J. S. 14; 1 Cooley on Torts (4 ed.) § 89; 85 A. L. R. 1091 (note). The most plausible reason for such rule is that no man can make his own misconduct the ground for action in his favor, although several other reasons have been advanced by the courts in

support of the rule. According to the great weight of authority, it is against public policy for courts to pause in the administration of justice to determine the degree of culpability between wrongdoers. The law, under such circumstances, leaves the parties where it finds them. If the parties are wrongdoers, contribution will not lie. As stated in *Public Service Ry. Co. v. Matteucci*, 105 N. J. L. 114, 143 A. 221:

"A man who drives a vehicle on a public highway in negligent disregard of the rights of other users of such highway is guilty of an unlawful act, and, if the direct result of that unlawful act is the injury of some other user of the highway, he is a 'tort-feasor' within the meaning of that term. If the driver intentionally inflicts an injury upon another user of the highway, he is not only a tort-feasor, but is guilty of a criminal act. If the question was an open one in this state, we should consider that, where injury to a third person is the direct result of the unlawful acts of the drivers of two vehicles in negligently disregarding the rights of other users of the highway, the rule of law which denies the right of contribution as between them or their respective employers is, in our opinion, applicable."

■ In some jurisdictions where the offense is merely malum prohibitum and does not involve moral turpitude, it is not against the policy of the law to inquire into the relative delinquency of the parties and to administer justice between them although both parties are wrongdoers. Contribution, however, in our opinion, practically means adoption of the doctrine of comparative negligence. Certainly the allowance of contribution between active tort-feasors on any basis of comparative negligence is contrary to the well-settled rule in this state.

■ This is a case involving the combined, active and concurrent negligence of the tort-feasors. Here the parties are in pari delicto. It is not a case where one tort-feasor is primarily negligent and the other secondarily so. Neither is it a matter of vicarious responsibility. In the instant case, the comparative negligence of the tort-feasors is immaterial as there can be no apportionment of damages between them: *Murray v. Helfrich*, 146 Or. 602, 30 P. (2d) 1053; *Stamos v. Portland Elec. Power Co.*, 128 Or. 310, 274 P. 915; *Chrudinsky v. Evans*, 85 Or. 548, 167 P. 562.

■ The rule applicable to the facts alleged is thus stated by The American Law Institute (Restatement of the Law, Restitution, § 102):

"Where two persons acting independently or jointly have negligently injured a third person or his property for which injury both become liable in tort to the third person, one of them who has made expenditures in the discharge of their liability is not entitled to contribution from the other."

There is conflict of authority on the question as to whether contribution can be compelled where the tort-feasors are merely guilty of negligence and there is no intention to cause injury, but we think the above restatement of the law is in keeping with the better-reasoned cases.

■ The pleadings and judgment in the original actions are attached to the complaint and, by reference, are made a part thereof. The pleader very properly set forth the facts upon which the judgments were based: 18 C. J. S. 24. It was incumbent upon the plaintiff herein to allege facts showing a common liability for the damages sustained as a basis for contribution. Appellant now urges that it does not appear from the

complaint itself—excluding pleadings and judgments in original actions—that the concurrent and active negligence of Korn Baking Company and the defendants herein was the proximate cause of the damages sustained by Barrett. It is submitted that if the pleadings fail to show a case involving joint tort-feasors, plaintiff certainly has no right under any theory to seek contribution. We believe the court is entitled to consider the complaint in its entirety and when so considered, it reveals the concurrent negligence of joint tort-feasors in pari delicto.

Appellant relies strongly upon the ruling in *Furbeck v. I. Gevurtz & Son*, 72 Or. 12, 143 P. 654, 143 P. 922, and asserts that it justifies contribution in cases of this character. Unquestionably there is strong dictum supporting such contention. The Furbeck case was a personal injury action wherein several alleged joint tort-feasors were joined as defendants. The trial court, with the consent of the plaintiff, granted a nonsuit as to the defendant Olson. A judgment was rendered against defendant I. Gevurtz & Son. On appeal, this court properly held that the Gevurtz company had no cause to complain of the dismissal as to the other alleged tort-feasor. The plaintiff therein had the right to sue any one or more of the several alleged tort-feasors. Such reason was sufficient to justify the granting of the motion for nonsuit and what was said in reference to maintaining an action against Olson for contribution was foreign to the issue before the court for decision. Furthermore, the statement in reference to the right of contribution was contrary to the express holding in *Smith v. Burns*, 71 Or. 133, 135 P. 200, 142 P. 352, L. R. A. 1915A, 1130, Ann. Cas. 1916A, 666.

In *Astoria v. Astoria & Columbia River R. Co.*, 67 Or. 538, 136 P. 645, 49 L. R. A. (N. S.) 404, the plaintiff sought indemnity for the amount of a judgment obtained against it for personal injuries sustained by a pedestrian on account of the dangerous condition of a street. The defective condition was caused by the railroad company in laying its tracks at a grade above street level in violation of the terms of its franchise. The city was held liable by reason of its failure to enforce an ordinance requiring the company to repair the defect. In this case the parties were not in pari delicto. The railroad company was primarily negligent while the negligence of the city was secondary. The railroad company was bound to indemnify the city by virtue of its contractual relationship. It was not a question of contribution between joint tort-feasors whose active and concurrent negligence caused the injury.

In *Colby v. City of Portland*, 85 Or. 359, 166 P. 537, a pedestrian sued the city and its officers for injuries suffered when she fell over a loose plank in a sidewalk. A nonsuit was granted the city and judgment was rendered against the city commissioners and the city engineer. These individual defendants appealed but did not serve their notice of appeal on the city. In holding that the city was not an adverse party, the court stated:

"Neither defendant could have called upon the other for contribution in any event as both were joint tort-feasors, if tort-feasors at all."

To the same effect, see *Lidfors v. Pflaum*, 115 Or. 142, 205 P. 277, 236 P. 1059, wherein the court said:

"It is well settled that a joint tort-feasor cannot complain if his co-defendant escapes liability by obtain-

ing a favorable verdict or otherwise, the reason being that no contribution towards payment of the judgment can be enforced, as a general rule, between joint tortfeasors. In other words, as between defendants sued jointly for tort, neither one is concerned about whether the other is cast in judgment or not. So here, as between the defendants, it is no concern of Pflaum that McClain escaped an adverse judgment. Neither does it affect McClain that Pflaum was defeated in the action.''

The rule against allowing contribution in cases of this character is so well settled in this state—*Smith v. Burns*, supra, being particularly in point—that a review of the numerous authorities cited from other jurisdictions is not deemed necessary.

The order of dismissal is affirmed.