Argued September 13, affirmed; reversed and remanded
October 4, 1961

# STATE OF OREGON *v.* JACKSON

(Consolidated Appeals)

365 P. 2d 294

*Lawrence V. Smart, Jr.,* Portland, argued the cause for appellant. On the brief were Smart, Thomas and Bartsch.

*Charles R. Harvey,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

LUSK, J.

This is a criminal action in which the defendant has taken two appeals, which have been consolidated for hearing. One appeal is from an order of the circuit court denying defendant's motion to dismiss the indictment for unreasonable delay in bringing him to trial. The other is from a judgment of conviction. The former appeal will be considered first.

On May 18, 1960, the grand jury returned an indictment charging the defendant with the crime of knowingly uttering and publishing a forged bank check. On May 27 the defendant was arraigned and on June third he entered a plea of not guilty. He was then represented by an attorney, Mr. Donald C. Layman. The case was set for trial on June 22, but on June 21, the defendant's attorney notified the district attorney's office that the defendant would withdraw his plea of not guilty and enter a plea of

guilty. The presiding judge of the circuit court was so advised on the same day and for that reason did not assign the case for trial. On July 1 Mr. Layman moved for leave of court to withdraw as attorney for the defendant and an order granting such leave was entered by the court. The order recites that the defendant was present in court and stated that he was without funds to retain an attorney and requested the court to appoint an attorney to represent him. The court appointed Mr. H. Kent Holman. On July 15 there was a hearing attended by Mr. Desmond Connall, Deputy District Attorney, the defendant, and his attorney, Mr. Holman. The transcript of the proceedings at this hearing is as follows:

"MR. CONNALL: State of Oregon versus James Ernest Jackson, C-38937. May it please the Court, this defendant was indicted during the month of May. He was arraigned on the 27th day of May and the matter was continued for plea. On the 3rd of June he entered a plea of not guilty. The matter was continued for trial. Now, at that time Mr. Donald Lehman ['sic'] was counsel of record. He was granted leave to withdraw as attorney, and Mr. Holman was appointed.

"The defendant is before the Court at this time to advise the Court whether or not he desires to leave the plea of not guilty in the case, have the matter continued to the September term, is that correct?

"MR. HOLMAN: That is correct.

"THE COURT: What are your desires in the matter?

"MR. JACKSON: Your Honor, I have been in jail since the 29th of April. I asked for no delay on this trial and it is my understanding under the Statutes of this case I am entitled to a trial within a reasonable period of time. This has been a long term of Court, about forty-five days, and there has

nothing happened. I have asked for no postponement and I filed no affidavit for postponement of trial. I think trial should be had as soon as possible.

"MR. CONNALL: May it please the Court, we feel the District Attorney in this case because of the change in counsel on the first day of July has shown reasonable cause for continuance in the matter.

"MR. JACKSON: I did not ask Mr. Lehman [sic] to retire in the case, that was his own idea.

"THE COURT: Well, we have no further jury until September. It will be continued until the first day in the new term.

"MR. CONNALL: Fine, your Honor.

"THE COURT: Set it down for September the 6th.

"MR. HOLMAN: September the 6th. I wonder if we might have bail reduced in this case from three thousand to fifteen hundred inasmuch as the trial is going over until September?

"MR. CONNALL: May it please the Court, the bail in the case now is fifteen hundred.

"MR. HOLMAN: It is now at fifteen hundred. Thank you very much.

"(Conclusion)"

The next event to be noted is the appearance of the defendant in court on August 12, unaccompanied by an attorney, to inform the court that Mr. Holman had "done nothing" and to request that the court appoint another attorney in his place. The court complied by appointing Mr. Lawrence V. Smart, Jr., who has represented the defendant ever since. On August 18 Mr. Smart filed a motion, supported by the defendant's affidavit, to dismiss the indictment on the ground that the defendant had not been brought to trial within a reasonable period of time. A deputy

district attorney filed a counter affidavit and after a hearing on August twenty-sixth, the motion was denied by the honorable Arno H. Denecke, circuit judge, in an order entered on September 1. Defendant immediately filed notice of appeal to this court from that order.

■ The statute governing the question whether the defendant was entitled to have the indictment dismissed is ORS 134.120, which reads:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

This section is an amendment, adopted in 1959 (Oregon Laws 1959, ch 638, § 16) of former ORS 134.120, which read:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court shall order the indictment to be dismissed, unless good cause to the contrary is shown."

The amendment was before the court in *State v. Dodson,* 226 Or 458, 360 P2d 782, but we found it unnecessary to construe it in that case, other than to observe that the "reasonable period of time" commences to run from the time that the indictment is found. The legislature has substituted a reasonable time for bringing the defendant to trial for the former requirement that it must be done within a definitely fixed time, i.e., within the term succeeding the term in which the indictment was found. The provision of the former statute making the statute

inapplicable where the trial was postponed upon the application or by the consent of the defendant, is retained, but the provision that the indictment must be dismissed "unless good cause to the contrary is shown" is omitted. This omission, however, is without significance, for the question of reasonable time cannot be determined without inquiring into the question whether there was good cause for delay. While it is impracticable to attempt a precise definition of the phrase "a reasonable time", it may be stated generally that it is such length of time as may reasonably be allowed or required having regard to attending circumstances. *Halvorson v. Blue Mt. Prune Growers Co-op.,* 188 Or 661, 670, 214 P2d 986, 217 P2d 254; *Vance v. Mutual Gold Corp.,* 6 Wash 2d 466, 108 P2d 799; *Colfax County v. Butler County,* 83 Neb 803, 120 NW 444.

■ The Constitution of Oregon provides in Article I, § 10, that "justice shall be administered * * * without delay." This guarantee to the citizen of a trial without delay is equated to the right to a speedy trial. In *State v. Harris,* 101 Or 410, 415, 200 P 926, we said:

> "The constitutional provision for a speedy trial was not intended to provide a loophole for the escape of one accused of the commission of an offense without trial when the same is had within a reasonable time."

See, also, *State of Oregon v. Kuhnhausen,* 201 Or 478 at 513, 266 P2d 698, 272 P2d 225; *State v. Breaw,* 45 Or 586, 588, 78 P 896.

■ It follows that the statute and the constitutional provision have substantially the same meaning and, therefore, that the tests heretofore announced by this court which are to be applied in determining whether

an accused has been deprived of his right to a speedy trial under the constitution are likewise the tests under the statute. These tests have been stated many times by this court, most recently in *State v. Dodson,* supra. In the able opinion of Mr. Justice BRAND in *State v. Kuhnhausen,* supra, 201 Or at 513, it was said:

" " * * * Wholly apart from the statute, the constitutional right of an accused person to a speedy trial contemplates a trial conducted according to fixed rules, regulations, and proceedings at law, free from vexatious, capricious, and oppressive delays. The right is consistent with delays, and, in the final analysis, whether such a speedy trial has been afforded must be determined in the light of the circumstances of each particular case as a matter of judicial discretion. * * *' "

Earlier Oregon cases to the same effect were cited by the court.

We are, therefore, to determine whether under the statute, considered in the light of the language of the *Kuhnhausen* case which we have quoted, the court erred in denying the defendant's motion to dismiss the indictment.

The total time that elapsed between the return of the indictment and the filing of the motion to dismiss was 102 days. Whether this would be considered a reasonable time under other circumstances than those which the record discloses is not the question, but whether the delay is attributable to the fault or neglect of the prosecution or the court. The defendant was seasonably arraigned and his plea entered and his case set for trial within a little more than a month after the return of the indictment. Defendant concedes in his brief that so far an unreasonable time had not elapsed. The trial was not held, how-

ever, on the day set, namely June 22, because of a difficulty between the defendant and his then attorney, Mr. Layman, which led to Mr. Layman's retirement from the case, and because of the notice given by Mr. Layman of the defendant's intention to withdraw his plea of not guilty and enter a plea of guilty. Had he carried out this intention, no trial, of course, would have been necessary. There followed on July 1 the resignation of Mr. Layman as attorney for the defendant and the appointment by the court in his place of Mr. Holman at the defendant's request. Obviously the trial could not be held immediately because Mr. Holman was entitled to a reasonable time in which to prepare for trial. Shortly after this, as is shown by an affidavit of deputy district attorney Charles R. Harvey filed in opposition to the motion to dismiss the indictment, the defendant's attorney advised the district attorney's office that the defendant would not change his plea and that the defendant's attorney would resign from the case. Nevertheless, at the time of the hearing on July fifteenth, the transcript of which is set forth above, there still seemed to be uncertainty as to whether the defendant wished to change his plea, because Mr. Holman, then acting as attorney for the defendant, agreed with the statement of the deputy district attorney that the defendant was there to advise the court whether "he desired to leave the plea of not guilty in the case" or "have the matter continued to the September term". The defendant thereupon complained of the length of time he had been confined in jail and demanded a trial "as soon as possible." The court then set the case for trial on September sixth, which was the first day of the September term, and the earliest day *reasonably* possible because, in accordance with the

established practice in the Multnomah county circuit court no jury was then in attendance on the court and there would be none until the commencement of the September term.

■■■ The action of the court continuing the cause until the September term was authorized by ORS 136.070, which reads:

> "When an indictment is at issue upon a question of fact and before the same is called for trial, the court may, upon sufficient cause shown by the affidavit of the defendant or the statement of the district attorney, direct the trial to be postponed for a reasonable period of time; and all affidavits or papers read on either side upon the application shall be first filed with the clerk."[①]

An order of the court made pursuant to this statute will not be reviewed except for abuse of discretion. *State v. Kuhnhausen,* supra, 201 Or at 521, and cases there cited. Clearly, there was no such abuse here. The defendant's conduct had made a trial impracticable prior to July fifteenth. This was the middle of the June term of court which extends in Multnomah county until September. ORS 4.140. The defendant could not be tried after July fifteenth until the commencement of the September term without the summoning of a special jury for that purpose, contrary to the practice in Multnomah county. Although there might be exceptional cases in which such a course would be indicated, this is not one of them.

■ The defendant evidently is a man, not wholly unacquainted with the procedure in criminal cases, who finds it difficult to be governed by the advice of his attorney. At the hearing on August twelfth when he

---

① This section formerly authorized a postponement "to another day in the same term or to another term." It was amended by Oregon Laws 1959, ch 638, § 18.

voiced his dissatisfaction with his court-appointed attorney, Mr. Holman, his demeanor was such as to call forth the following admonition from the judge: "We are not going to parade the entire bar of Multnomah county through the cell block out there for you to choose who shall represent you at state expense." Again, on September second, when the case was assigned for trial by presiding Judge Redding, the deputy district attorney stated to the court that the defendant had informed the district attorney's office that the defendant "no longer wishes to have Mr. Smart for a counsel." Mr. Smart, it will be recalled, was the third attorney to represent the defendant and the second appointed by the court. The defendant concurred in the prosecutor's statement and told the court that his "constitutional rights had been placed in jeopardy numerous times" and that he wanted "an attorney appointed for me to bring out the truth of the facts of this case and to protect my constitutional rights." Judge Redding very properly refused to appoint a third attorney for the defendant and informed him that he could either go to trial with Mr. Smart or he could hire an attorney of his own choice. A man with the defendant's propensities can—and in this case did—by his conduct bring about the very delay in the prosecution of a criminal case which he afterwards claims to be a violation of his right to a speedy trial under the constitution and the statute.

The order denying the motion to dismiss the indictment is affirmed.

We come now to the appeal from the judgment of conviction. The notice of appeal from the order refusing to dismiss the indictment was filed on September 1, 1960. The trial was held on September sixth. The defendant contends that the judgment is void

because the pendency of the appeal from the order refusing to dismiss the indictment deprived the circuit court of jurisdiction of the cause. With this contention we are compelled to agree.

■ The first appeal was taken pursuant to ORS 138.040 which provides:

"The defendant may appeal to the Supreme Court from a judgment on a conviction in a circuit court or from an order refusing to dismiss the indictment, as provided in ORS 134.120; and upon an appeal, any decision of the court in an intermediate order or proceeding may be reviewed."

ORS 19.033(1) provides:

"When the notice of appeal has been served and filed as provided in ORS 19.023 to 19.029, the Supreme Court shall have jurisdiction of the cause, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law."

The only powers conferred upon the trial court pursuant to the latter section are granted for the purpose of facilitating the appellate process. They have no bearing on the present controversy. See *Gordon Creek Tree Farms, Inc. v. Layne,* 358 P2d 1062, 1064.

■ It is a well-settled rule that after jurisdiction has been vested in an appellate court by the taking of an appeal the lower court cannot proceed in any manner so as to affect the jurisdiction acquired by the appellate court or defeat the right of the appellants to prosecute the appeal with effect. 4 A CJS 396, Appeal and Error, § 607. In 3 Am Jur 192, Appeal and Error, § 528, this rule is said to be "universally recognized." It has been recognized by this court in a number of cases, including *Caveny v. Asheim et al;*

202 Or 195, 208-211, 274 P2d 281; *Cranston v. Stanfield et al,* 123 Or 314, 319, 261 P 52; *State v. Kleckner et al,* 116 Or 371, 239 P 817, 240 P 1115. The rule was approved in *State v. DeGrace,* 144 Or 159, 165-166, 22 P2d 896, 90 ALR 232, but in that case, which is relied on by the state here, it was, as we shall endeavor to show, misapplied.

*State v. Kleckner,* supra, furnishes an apt illustration of a correct application of the rule. The action was in quo warranto against several defendants, only one of whom was served with a copy of the complaint. None of the defendants appeared and the court entered judgment for the plaintiff by default. The defendants appealed and while the cause was pending in the Supreme Court the plaintiff caused a second summons and complaint to be served upon each of the defendants who, appearing specially, moved to quash the service of summons on the ground that the circuit court had lost jurisdiction by reason of the pending appeal. The motion was denied and a new judgment was entered for the plaintiff, from which the defendants likewise appealed. The first judgment was held to be void because in an action at law the complaint and summons are required under the statute to be served upon each of the defendants in order to give the court jurisdiction of their persons. The second judgment was also held to be a nullity, the court saying:

"No doubt the second summons was issued in the hope of curing what was then recognized to be a fatal error. However, after the appeal was perfected, the lower court lost jurisdiction of the cause and could take no step to defeat appellants of the right to prosecute their appeal with effect. It is not a question of correcting the record so as truly to set forth the proceedings as they actually

occurred \* \* \*. A recognition of any other rule would lead to uncertainty and confusion in litigation, and in effect would enable the lower court to review its own proceedings: (citing authorities)." 116 Or at 373-374.

We consider now the case of *State v. DeGrace*, supra, and in connection therewith *Johnston v. Circuit Court, Mult. Co.*, 140 Or 100, 12 P2d 1027. Johnston and DeGrace were indicted for violation of the Blue Sky Law. They moved to dismiss the indictment for failure to bring them to trial within the time prescribed by statute and the motion was denied and the case set for trial on a day certain. Six days later the defendants served notice of appeal to the Supreme Court from the order refusing to dismiss the indictment and the next day they filed a motion for an order continuing the trial of the cause, which motion was denied. Thereafter they filed a petition in the Supreme Court for a writ of mandamus directed to the circuit court and commanding it to vacate the order setting the case for trial. The writ was disallowed. The defendant DeGrace was thereafter brought to trial and was convicted while the appeal from the order refusing to dismiss the indictment was pending in the Supreme Court. He urged in this court that the judgment of conviction was a nullity because the circuit court was without jurisdiction of the cause while his appeal from the order refusing to dismiss the indictment was pending. This contention was rejected and the judgment was affirmed, Mr. Justice KELLY dissenting.

In the mandamus case the court based its decision upon a finding that "the record discloses that the defendants have no substantial ground for their appeal from the order denying the motion to dismiss."

140 Or at 103. In effect, the court decided the merits of the appeal from that order. The question whether the circuit court was divested of jurisdiction by the appeal was not discussed. In the *DeGrace* case, the appeal from the judgment of conviction, that objection was considered and disposed of in this language:

"We are not unmindful of the general rule that an appeal removes a cause from the lower court and that it can not proceed with the trial during the pendency thereof. However, there are exceptions to this general rule. An appeal from an intermediate or interlocutory order does not divest the trial court of jurisdiction to proceed in matters not involved in the appeal: 3 CJ 1259." 144 Or at 165-166.

The court's statement of the rule, as we view it, made necessary a conclusion directly opposite to that reached by it, because when a court tries a criminal action while an appeal is pending from an order refusing to dismiss the indictment in that action, the court does indeed proceed in a matter directly and essentially involved in the appeal. The only question to be decided on the appeal is: Has the circuit court lost jurisdiction to try the defendant because of unreasonable delay? By undertaking to try him the trial court in the *DeGrace* case, as in this case, decided that very question and, in effect, as we said in the *Kleckner* case, reviewed its own decision.

The fact that an order refusing to dismiss an indictment is interlocutory, is not of itself controlling. No doubt, there are many cases where an appeal from an interlocutory order does not oust the lower court of jurisdiction to proceed with the case in some of its aspects; but if, as here, the lower court cannot try the case without determining the only question in-

volved in the appeal, then the fact that the appeal is from an interlocutory order becomes immaterial.

It may be observed that the applicability of the rule in question to the present situation was expressly recognized, arguendo, in *State v. Clark,* 86 Or 464, 168 P 944. The case involved two indictments. Motions to dismiss the indictments were made and denied, respectively, in November, 1916, and June, 1917, but no appeal was taken except from the latter order. The court said:

> "The neglect to prosecute appeals from the orders made in November, 1916, continuing both cases to the next regular term of the court, is a practice not to be commended. The renewal of the motions, June 11, 1917, their denial, and *the taking of appeals from the latter orders necessarily continued the cases until they are finally determined by this court,* thereby carrying the causes over two regular terms of the trial court. As all such delays usually conduce to the advantage of a defendant in a criminal action, such procedure is not to be encouraged and will not hereafter be approved unless appeals are seasonably taken from the original denial of a motion for an immediate trial." (Italics added.) 86 Or at 470.

So, it was said in the *Kuhnhausen* case:

> "While we are impressed by the soundness of the view that a party should appeal from the first order denying his motion to dismiss and should not be allowed to put the state to the expense of a trial on the merits while he gambles on the outcome, we have not invoked the ruling of *State v. Clark,* supra, as being solely decisive in this case because there have been a few cases in which this court has permitted a defendant to present the issue on his appeal from the judgment of conviction." 201 Or at 549.

See, also, the concurring opinion of Chief Justice Beatty in *Strong v. Grant,* 99 Cal 100, 33 P 733, and the comment thereon by this court in *In re Von Klein,* 67 Or 298, 300, 135 P 870.

As an additional reason for its decision in the *DeGrace* case the court said that "[a] defendant could appeal from an intermediate order merely for the purpose of delay." This is true not only in this class of cases, but in all others where appeals are authorized. But the fact that the right to appeal may be abused does not impair the legal consequences of the exercise of the right. The policy involved is for the legislature. The obvious reason for granting a right of appeal from an order refusing to dismiss an indictment, instead of postponing this court's consideration of the question whether a defendant has been denied his right to a speedy trial until an appeal is taken from a judgment of conviction, is to provide a means of settling the question before a trial is had which later may be adjudged a nullity. The opinion of Chief Justice Beatty above referred to eloquently portrays the plight of an accused, particularly an innocent accused, in a state where no provision for such an appeal is made. To the end, however, that abuses of the privilege may be kept to a minimum, this court will in future appeals of this character insist that the record be brought to this court and the case put at issue as expeditiously as possible, and will then set the case down for an immediate hearing.

It may be added that, in order to avoid possible future conflicts of jurisdiction, in all cases where a motion to dismiss the indictment pursuant to ORS 134.120 has been denied, the trial should be postponed until the time to appeal from the order denying the motion has expired, except where a defendant

who has not theretofore appealed demands an immediate trial, thereby waiving his right to appeal from such order.

■ We are satisfied that the *Johnston* and *DeGrace* cases, so far as they involve the question before us, were wrongly decided and to that extent they are overruled. The circuit court was without jurisdiction of the cause during the time that the appeal was pending from the denial of the motion to dismiss the indictment. The judgment of conviction is, therefore, reversed and the cause is remanded for further proceedings.