Motion to dismiss as to co-appellant denied July 31, 1956, argued
February 5, affirmed as to Shippey; reversed as to
Dairy Co-op March 25, 1959

## GRAVES v. SHIPPEY ET AL

300 P. 2d 442
337 P. 2d 347

Brazier C. Small, Salem, for appellant Dairy Co-operative Association, for the motion.

Vergeer & Samuels, Portland, for appellants Dallas D. Shippey and Easter Shippey, his wife, contra.

LUSK, J.

This is a motion by defendant and appellant Dairy Cooperative Association to dismiss the appeal of its codefendants Dallas D. Shippey and Easter Shippey, his wife, on the ground that the Shippeys' notice of appeal was not addressed to nor served upon Dairy Cooperative Association and did not join the latter as an appellant.

The action is for personal injuries based on the concurrent negligence of the defendants. A joint and several judgment was recovered by plaintiff against all of the defendants.

■ The defendant Dairy Cooperative Association contends that the Shippeys are adverse parties to it on the appeal and that they therefore were required, under ORS 19.030 (2), to serve a copy of their notice of appeal on it.

The defendants were joint tort feasors, and, as this court said in *Lidfors v. Pflaum,* 115 Or 142, 145, 205 P 277, 236 P 1059:

"* * * as between defendants sued jointly for tort, neither one is concerned about whether the other is cast in judgment or not. * * *"

The question here is ruled against Dairy Cooperative Association by that case and *French v. Christner,* 173 Or 158, 135 P2d 464, 143 P2d 674. See, also, *Morey v. Redifer,* 204 Or 194, 264 P2d 418, 282 P2d 1062.

■ *Silbaugh v. Guardian Building & Loan Association,* 164 Or 286, 297, 97 P2d 943, 99 P2d 1017, 101

P2d 420, cited by counsel for Dairy Cooperative Association, is distinguishable because there the action was not in tort and, as the opinion emphasizes, there was a right of contribution between the defendants. There is no such right between joint tort feasors. *Fidelity & Casualty Company of New York v. Chapman,* 167 Or 661, 120 P2d 223; *Lidfors v. Pflaum* and *French v. Christner,* both supra.

The motion is denied.

*Brazier C. Small,* Salem, argued the cause and filed a brief for appellant Dairy Cooperative Association.

*Charles S. Crookham,* Portland, argued the cause for appellants Shippey. With him on the brief were Vergeer & Samuels, Portland.

*Lawrence N. Brown,* Salem, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan and O'Connell, Justices.

SLOAN, J.

The defendants Shippey and Dairy Cooperative Association appeal from an adverse judgment entered on a jury verdict awarding plaintiff damages for personal injury sustained by plaintiff's 17-year-old son. The injury resulted from a collision between a motorcycle the boy was riding and a car driven by defendant Easter Shippey. The plaintiff brings this action as guardian. However, for convenience we will here-

after refer to the injured boy as plaintiff. The defendants Dallas D. Shippey and Easter Shippey are husband and wife, and the owners of the car driven by Easter Shippey. The defendant Dairy Cooperative Association is an incorporated cooperative association engaged in the distribution of dairy products.

A description of the scene of and the accident is necessary to understand the assignments of error we shall consider.

Liberty Road is a heavily traveled market road extending southerly from the south city limits of Salem. About a mile south of the city limits, but within a residential area (ORS 483.020), Liberty Road is intersected by Madrona Avenue. This intersection is not quite at right angles but may be considered so for our purposes. At the southeast corner of the intersection is a small grocery store designated as Salem Shopette. The front of the store building is situate about 25 feet from the easterly edge of the paved portion of Liberty Road and is parallel therewith. The northwest corner of the building is a somewhat shorter distance from the southerly edge of Madrona Avenue. All the area between the store building and the paved portion of the two streets is a parking area surfaced with black top. The surface of the black top is substantially flush with the paved portion of the streets and there is no curbing or other barrier to prevent access or egress at any point along either street.

■ On the day of the accident, August 11, 1955, about 11 a. m., the defendant Easter Shippey drove her car into the parking area described and parked her car near the front of the store building. When parked her car was parallel with Liberty Road. While her car was so parked, a milk delivery truck owned by defendant Dairy Cooperative Association, and driven by its em-

ploye, also entered the parking area. The driver parked the truck between the Shippey car and Liberty Road. It is disputed as to whether the truck was parked substantially parallel with the Shippey car and completely off the paved portion of Liberty Road or was parked at more of an angle with the right rear of the truck extending onto the paved portion of Liberty Road. For our purpose here we must accept the evidence most favorable to plaintiff and consider that some part of the truck did extend on the street. It should be mentioned, at this point of our narrative, that the Shippey car was headed north; the truck south. The truck body was built as a large refrigerated box, similar to many others used for the purpose of delivering dairy products. When the body passed through or obstructed a person's field of vision it was sufficiently solid to prevent seeing around, through, over or under it.

While defendants were thus engaged in setting the scene plaintiff on his motorcycle approached the area from the south on Liberty Road. By the time he neared the parked truck Mrs. Shippey had completed her business and was driving her car from the parking area. In doing so she chose to turn and drive immediately to the rear of and past the parked truck. By this manner she placed the truck squarely between her line of vision to the south on Liberty Road, nor could she see to the south until a substantial portion of the front of her car extended into Liberty Road. For the same reason, the plaintiff, as he approached the spot, could not see the Shippey car and was unaware of its presence until, as he testified, it "darted" out in front of him from behind the truck. His motorcycle struck the left front fender of the car; he was thrown some distance and received injury. Mrs. Shippey testi-

fied that she could not and did not see plaintiff's motorcycle until the instant of impact.

It should be noted, and we hope our description of the scene permits the ready recognition of the fact, that she could have left the parking area by driving to the north onto Madrona Avenue, a distance of a few feet, and then turned to the west, her desired course, on that street. We assume the jury concluded this was the obvious and safe course under the circumstances. Instead of taking this course, however, she attempted to depart the parking area, going immediately behind the parked milk truck with the results just described.

■■ It was upon evidence of these events that the jury returned a verdict against both the defendants. The defendants Shippey assign as error the refusal of the trial court to give a number of requested instructions. The requests were directed to issues not present in this case. We do not believe these assignments merit discussion. These defendants also assign error for the failure of the trial court to withdraw from the jury a specification of the complaint that Mrs. Shippey failed to stop before leaving a private driveway to enter a public highway, in violation of ORS 483.206. There was conflicting testimony on this issue and it was proper for the court to refuse to take it from the jury. We have already mentioned the plaintiff described her entry into the highway by saying her car "darted" in front of him. Her own testimony, and statements attributed to her at the time of the accident, leave doubt which only the jury could resolve. In addition the fact that she chose to drive immediately behind the parked truck onto a busy highway when it was obvious she could not see to the south and when she could have proceeded straight ahead to the cross street

and then turned to her desired route could well have led the jury to believe she left the parking area in a hurry without either thinking, stopping or looking. The judgment against defendants Shippey is affirmed.

All the assignments of the Dairy Cooperative Association, hereinafter designated "company," assert the same issue; that is, that the specifications of negligence in the complaint, later set forth, as to the conduct of the driver of the truck in parking the vehicle in the manner described did not allege a cause of action; that evidence in support of these specifications was insufficient to present a jury question.

■■■ This defendant timely moved for a nonsuit, to withdraw the two specifications of negligence in the complaint, a directed verdict and judgment n.o.v. The refusal of the trial court to allow each of these motions is separately assigned as error. Our disposition of the cause requires only a consideration of the motion to withdraw the specifications of negligence. The complaint charged the company with negligence by these specific allegations:

"(1) It so parked its milk truck that a portion thereof extended into the paved, improved and main traveled portion of Market Road No. 20 [also known as Liberty Road] when it was practicable and there was adequate room in said vicinity to have parked all of said truck off of such portion of the highway; and

"(2) It parked its truck on the highway side of the Shippey automobile in such a manner as to obstruct the view of the Shippey car from plaintiff."

The evidence presented by plaintiff was, of course, limited to these two specifications. It will be observed that the first specification is in the language of ORS

483.320. That statute enjoins the parking of a vehicle upon the paved or improved portion of a highway outside of a business or residential district. It has already been observed that the area in question was a residential district, so the statute did not apply and the parking was not negligence per se. The plaintiff contends, however, that when the driver of the truck parked it so as to leave a portion extending onto the main traveled portion of the highway, as we must assume he did, he was guilty of common-law negligence. We believe this presents a close question but have determined it was an issue for the jury to decide. The fact that the statute does not prohibit parking on the main traveled portion of the highway in this immediate area does not permit indiscriminate parking. Where and how the driver of a vehicle could there park must still be measured by the test of due care. 2A Blashfield 2, § 1191, and cases there cited. The circumstances existing at the time and place must be considered. The truck could have been readily parked completely off the main traveled portion of Liberty Road, as this defendant contended it was.

■ If the uncontroverted facts had placed the truck completely on the parking area, as demonstrated by posed pictures in evidence, then we would be obliged to say the truck was a condition and not a cause. *Blair v. Rice,* 195 Or 587, 596, 246 P2d 542. Here we must accept the evidence most favorable to plaintiff that a rear corner of the truck extended onto the main traveled portion about four or five feet. The paving was twenty feet wide. It is obvious then that when Mrs. Shippey left the parking area it was necessary for her to drive until the front of her car was practically to the center line before she would have been in a position to see to the south from the driver's

seat, and her car had to be well onto the paved portion before it could be seen by plaintiff. On the other hand the jury could very well have found from the pictures presented that if the truck had been parked as contended for by this defendant it would have been three or four feet away from the edge of the paved portion in its entirety. If the jury had chosen to accept this it could then have found that the plaintiff could have seen the Shippey car approaching the highway and Mrs. Shippey probably would have seen the plaintiff. We believe that all the circumstances we have described entitled the jury to determine if the parking of the truck on the main traveled portion was a negligent act and was a proximate cause of the accident. All the facts we have mentioned warranted jury consideration as to whether a reasonably prudent person, under these circumstances, could have anticipated harm to persons using the highway, the cross street or parking area when he parked a truck of the kind here described partially upon the main traveled portion of the highway.

 We cannot agree, however, that plaintiff's second specification of negligence should have been submitted to the jury. We have already said that if the jury had found, or if the evidence was undisputed, that the truck was parked fully on the parking area that such would not be negligence. This specification would permit the jury to find negligence regardless of the place of parking so long as it impaired plaintiff's view of the scene. The mere blocking of his view, without more, would not be negligence. By submitting this specification it permitted and actually by instruction directed the jury to find against this defendant if it found this specification to be true and that it was a proximate cause. The specification and instructions

did not limit the issue in any particular and the truck could have been parked well within the parking area and company still have been found guilty of negligence. We believe this to have been prejudicial error. We cannot know what prompted the jury to find against this defendant. It could have been by reason of this specification and the court's instruction permitting the jury to find for plaintiff if the jury found the specification to be true.

The trial court was in error in failing to withdraw this specification from the jury. We must, therefore, remand the cause for a new trial. The parties should be given an opportunity to amend or supplement their pleadings to conform to this decision.