Lorine S. LOTSHAW, Plaintiff (Appellant),

v.

Wilburn Hollis VAUGHN, Defendant
(Respondent).

No. 49538.

Supreme Court of Missouri,

En Banc.

June 8, 1964.

Opinion Modified on Court's Own Motion
July 13, 1964.

Rehearing Denied July 13, 1964.

Thurman, Nixon & Smith, J. W. Thurman, Jeremiah Nixon and Robert Lee Smith, Hillsboro, for appellant.

Dearing, Richeson, Weier & Roberts, H. L. C. Weier, Hillsboro, for respondent.

WELBORN, Commissioner.

This is an action for damages for personal injuries alleged to have been sustained by plaintiff, Lorine S. Lotshaw, while a passenger in an automobile operated by her husband, which was struck by a vehicle driven by defendant, Wilburn Hollis Vaughn. The petition asked damages of $25,000. A jury returned a verdict for defendant and plaintiff has appealed from the judgment entered on such verdict. We will refer to the parties as they appeared in the trial court.

The accident in question occurred on October 30, 1960, at approximately 9:00 P.M. Rain was falling at the time. Plaintiff's husband was driving his Ford Thunderbird north on Route 30 in the vicinity of Cedar Hill. At the scene of the collision, Route 30 is a 2-lane highway, with a paved blacktop surface 20 to 22 feet wide, with shoulders on either side of the paved portion. A short distance north of Cedar Hill, the highway descends a hill. According to plaintiff's husband, he paced off the distance from the crest of the hill, northward to the point of the collision and found it to be 280 paces.

As the car in which plaintiff was riding descended this hill, her husband observed a flashing light on his portion of the roadway and brought the vehicle to what was described as a "normal" stop. According to plaintiff and her husband, the Thunderbird was driven some 3 to 5 feet off the pavement when it stopped, but, because of the muddy condition of the shoulder, it was not pulled entirely off the highway.

On stopping, plaintiff's husband observed an automobile stopped on the west shoulder of the highway and two men in its vicinity. One, Charles Knox, approached Lotshaw's car and told Lotshaw that the water had caused his motor to fail and asked Lotshaw to give him a push to get his car started. According to Lotshaw, he told Knox that his car was too low to push Knox's vehicle, but that he would try to get him some assistance. According to the Lotshaws, their conversation was of only a few seconds' duration and, at its conclusion, Lotshaw started his car moving and pulled back on the pavement, intending to resume his journey. He had proceeded some 3 or 4 car lengths, when one of the men on the highway said, "Look out. The car's going to hit you." At that time, defendant's car struck the rear of the Lotshaw vehicle. The impact threw plaintiff into the dashboard and she claimed to have sustained injury, the nature and extent of which are here immaterial.

According to Lotshaw, his Thunderbird was equipped with 6 tail lights, each ap-

proximately 5 inches in diameter. These lights, as well as his headlights, were turned on and operating at the time of the collision. The defendant acknowledges that the lights of the Lotshaw car were operating.

The Lotshaw auto was struck on the left rear and defendant's car's front bumper ran under the rear bumper of the Lotshaw machine. The Lotshaw machine was not disabled and proceeded under its own power after the vehicles were disengaged. The right front headlight of defendant's car was broken and a hole made in its radiator.

Knox and Lehomon Triplett, a passenger in the Knox vehicle and the holder of the flashlight which caused Lotshaw to stop, testified on behalf of the defendant. According to their testimony, Lotshaw's car remained on the paved portion of the highway at all times when he stopped and it was still stopped when defendant's auto struck it. After the collision, Knox got his car started. He drove it down the highway and turned around and returned to the scene of the collision, parking his vehicle on the east shoulder, off the pavement at approximately the point where Lotshaw had stopped.

Defendant's version of the accident was that, as he was driving north on Route 30, he had started down the hill at a speed of approximately 35 miles per hour. According to defendant, when he got about halfway down the hill, he saw the lights of a car, stopped in the lane of the highway in which he was driving. He stated that he immediately applied his brakes, throwing his wife, who was a passenger in his car, against the windshield, but that he could not stop his vehicle before it struck the Lotshaw car. He stated that, at the time of the collision, the speed of his car was "very slow." The defendant stated that it was raining at the time; that his visibility was limited; that he had the headlights on his car turned on and the windshield wipers operating. The defendant declined to attempt to estimate the distance he was from the Lotshaw vehicle when he first noticed it. He did state

that, from the point of collision, one could not see south more than 250 feet.

At the trial, the plaintiff's principal instruction was a "rear-end" collision submission. There were also instructions on concurrent negligence, standard of care and damages given on behalf of plaintiff. Two instructions, D–5 and D–6, were given on behalf of defendant. Because the issues on this appeal relate solely to these instructions, we set them out in full.

### "Instruction No. D–5

"The Court instructs the jury that the plaintiff seeks to recover damages from defendant on the ground that he was negligent and his negligence caused whatever damage plaintiff sustained.

"The Court instructs the jury that negligence is never presumed and the burden is on the plaintiff to prove her case by a preponderance of the credible evidence, and unless the jury believes that defendant was negligent and that his negligence has been proven by a preponderance of the credible evidence, then plaintiff is not entitled to recover against defendant and your verdict will be in favor of defendant.

"By the term 'preponderance of evidence,' as that term is used in this instruction, is meant such evidence as you may find to be more worthy of belief than that which is offered in opposition thereto."

### "Instruction No. D–6

"The Court instructs the jury that if you find and believe from the evidence that on the occasion in question, the defendant Vaughn was driving northwardly on Highway 30 at a speed of 35 to 40 miles per hour and that it was raining, dark and visibility was poor, that as he drove northwardly, he passed the crest of a hill and as he started down on the other side, his lights shown

(sic) upon the Thunderbird automobile operated by Charles W. Lotshaw, the husband of the plaintiff, Lorine S. Lotshaw, who was riding in said Thunderbird automobile as a passenger; and if you further find that the said Charles W. Lotshaw had stopped said Thunderbird upon the paved portion of said Highway 30 in the north bound lane thereof in a low place on said highway beyond the crest of said hill; and if you further find that the said Charles W. Lotshaw failed to exercise the highest degree of care in the operation of his automobile and was negligent in stopping his automobile at said time and place; and if you further find that his negligence, if any, was the sole cause of the collision between the two automobiles, as aforesaid, and that the same was not due to the negligence of the defendant Vaughn, as submitted to you in other instructions herewith given, then your verdict will be in favor of the defendant and against the plaintiff."

Plaintiff attacks Instruction D–6 on several grounds. The first is that it ignores the issue of whether or not the defendant's colliding with the Lotshaw vehicle was negligence.

■■ Instruction D–6 is a "sole cause" instruction. Such an instruction "must hypothesize facts from which a jury reasonably may find that the negligence or acts submitted constituted the sole cause of plaintiff's injury, and it must also negative defendant's negligence as submitted by plaintiff." Hartley v. Smith, Mo.Sup., 354 S.W.2d 854, 857(4). However, "When a defendant hypothesizes facts, supported by the evidence, to show that the injuries to plaintiff were the result of the negligence of someone other than him, and also requires the jury to find that he was not negligent as submitted in the other instructions, he has by the facts hypothesized in that instruction and by reference to other instructions, at least in a primary negligence case, submitted a complete sole cause situation."

Happy v. Blanton, Mo.Sup., 303 S.W.2d 633, 639.

■ In this case, the plaintiff's petition charged defendant with negligence in several respects, including failure to have his automobile under control, failure to keep a lookout, humanitarian negligence by failure to swerve or slacken speed, as well as by driving his vehicle into the rear of the vehicle in which plaintiff was a passenger, the only ground actually submitted to the jury. In such circumstances, defendant, in his sole cause instruction, was required only to negative such charge and he could do so by reference to plaintiff's instruction submitting such negligence, in this "a guest case submitted on primary negligence." Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912, 918.

■ Plaintiff objects that "there was no requirement for the jury to find that the act of defendant in driving at a speed of 35 to 40 miles per hour was not negligence under the circumstances" and there are "no facts hypothesized as to defendant keeping a lookout required by law." However, plaintiff did not, in her instructions, charge defendant with negligence in such regard. She elected to proceed on the "rear-end" theory, which necessarily involves a charge of specific negligence complete in itself. Jones v. Central States Oil Company, 350 Mo. 91, 164 S.W.2d 914. The defendant need only have absolved himself of such charge of negligence.

In Durmeier v. St. Louis County Bus Co., Mo.Sup., 203 S.W.2d 445, plaintiff submitted his case on the res ipsa loquitur doctrine. A sole cause instruction was given on behalf of the defendant in which the jury were told that they should find for defendant if the collision was caused solely by the negligence of another and "the operator of the motorbus was not guilty of any negligence in the operation of said bus, as such negligence is defined and set out in other instructions." In rejecting the contention that the sole cause instruction was

defective for failure to negative facts in evidence of defendant's negligence, the court stated:

"The instruction required an affirmative finding that the defendant was not negligent and further hypothesized facts which, if true, authorized a verdict for the defendant. This is all that should be required. This case is a typical example of the unreasonableness of requiring a defendant to negative in its instruction all of the charges of negligence relied upon by the plaintiff for a recovery. Plaintiff in this case specified no acts of negligence, yet he insists that the defendant specifically set forth in its instruction all the negativing facts in evidence of the charges of negligence relied on by the plaintiff. In plaintiff's argument we count six of these and plaintiff says there may be more. If these were mentioned the instruction would confuse and not guide a jury. Instruction number four correctly declared the law." 203 S.W.2d 449.

We do not consider Hartley v. Smith, Mo.Sup., 354 S.W.2d 854, relied upon by plaintiff, to require in this case hypothesization of facts to exclude the defendant's negligence in addition to reference to the negligence submitted by the plaintiffs' instructions. Hartley was a head-on automobile collision case. Plaintiff was a passenger in a car driven by Southwick, who was killed in the collision, and she sued Southwick's personal representative. The evidence showed that immediately prior to the collision Southwick had swerved to the left of the center line and that the collision occurred in the other vehicle's lane of traffic. The court pointed out that Southwick's failing to drive on his right half of the roadway and failing to turn to the right in passing a vehicle proceeding in the opposite direction were violations of the law and negligent acts unless excused or justified by the circumstances and that such negligence, if any, was undoubtedly a prox-

imate cause of the collision. The plaintiff's instruction submitted negligence on the part of Southwick in failing to observe the approaching vehicle returning to its proper lane and failing thereafter to swerve to the *right*. The sole cause instruction, which merely negatived Southwick's negligence as submitted in the plaintiff's instruction, did not, the court held, eliminate "the necessity for requiring a jury to find that Southwick was justified in turning left." 354 S.W.2d 858.

In the present case, there was no evidence of negligence on the part of the defendant separate and distinct from that submitted in the plaintiff's instructions. The matters which plaintiff suggests should have been hypothesized all related to the rear-end submission of the plaintiff. Therefore, there was no occasion to hypothesize further facts in such regard in the sole cause instruction and the negativing of defendant's negligence, as submitted in the plaintiff's instruction, was in this case sufficient.

■ Plaintiff's second objection to Instruction D–6 relates to the second essential of a sole cause instruction, i. e., that it hypothesize facts from which the jury may conclude that the third party's negligence was the sole cause of the injury. Hartley v. Smith, supra. The plaintiff contends that this instruction does not hypothesize a fact situation showing negligence on the part of Lotshaw, which was the sole cause of the collision. As plaintiff states, the "only facts hypothesized as the negligence of plaintiff's husband were that he had stopped their automobile upon the highway at a low place beyond the crest of a hill and that it was raining, dark, and visibility was poor." However, these facts were sufficient upon which to base a finding of negligence. House v. Santa Fe Trail Transp. Co., Mo. Sup., 217 S.W.2d 382. In that case, the court stated:

"Parking a motor vehicle in the nighttime on the traveled portion of a much used highway constitutes a source of

great danger to the traveling public. Certainly the parking of a truck on such a highway, on a dark, foggy night, constitutes negligence without question. The parking of a truck on a highway at night, even with lights, is a source of danger." 217 S.W.2d 384.

■ Thus, under this instruction, the jury could conclude that Lotshaw was negligent, and, upon reaching the further conclusion called for by the instruction, that respondent was not negligent in the respect charged, the jury could conclude that the collision must have been due solely to Lotshaw's negligence.

■ The plaintiff's complaint that the instruction's failure to state the distance which the Lotshaw vehicle stopped beyond the crest of the hill and to locate the "low place" with respect to the hill makes the instruction erroneous. Under the circumstances of this case, we do not consider such omissions prejudicially erroneous. Accepting plaintiff's measurement of the distance from the scene of the collision to the crest of the hill of 280 paces, that fact, in these circumstances, would not basically affect the question of Lotshaw's negligence in stopping on the traveled portion of the highway, at night, in a heavy rain.

Plaintiff's final objection with reference to Instruction D–6 is that no sole cause instruction should have been given because defendant's evidence showed at least concurring negligence on the part of the defendant. Plaintiff states:

"The evidence offered by defendant at the trial showed that rain limited his visibility 'quite a bit', that the windshield wipers 'wasn't keeping the rain off as much as they should have,' that 'it was raining too hard that night to have any estimate' as to distance, that 'the way it was raining, you couldn't have seen 15 feet' but that nevertheless defendant drove along at 35–40 miles per hour and ran into the rear end of a stopped automobile which had both

headlights and six taillights, each 5″ in diameter, in operation. In short the evidence of defendant himself is susceptible to no other construction than that he failed to exercise the highest degree of care and so, at least, concurred in causing the collision."

In support of her contention, plaintiff cites Wilkins v. Stuecken, 359 Mo. 1047, 225 S.W.2d 131; Bunch v. Mueller, 365 Mo. 494, 284 S.W.2d 440, and Lix v. Gastian, Mo. App., 287 S.W.2d 354. In Wilkins and Lix, the court concluded that the evidence of the defendant showed him negligent as a matter of law. In Bunch, the court concluded that the defendant's evidence did not absolve him of the humanitarian negligence charged by plaintiff.

■ Here, we cannot say that, as a matter of law, defendant's evidence as to his operation of his automobile showed him guilty of negligence. Johnson v. Lee Way Motor Freight, Inc., Mo.Sup., 261 S.W.2d 95, 97(2). The question of whether or not the defendant exercised the highest degree of care was for the jury. Withers v. Pettit, Mo.Sup., 337 S.W.2d 66, 72. Therefore, the sole cause instruction was correctly given.

The plaintiff attacks both Instruction D–5 and Instruction D–6 for ignoring the issue of concurrent negligence. As for D–5, plaintiff complains of its language in telling the jury that the plaintiff "seeks to recover damages from defendant on the ground that he was negligent and his negligence *caused* whatever damage plaintiff sustained." She contends that the use of the word, "caused," standing alone would lead the jury to believe that plaintiff was required to prove sole cause negligence on the part of the defendant.

■ Although this instruction would have been in more preferable form had it referred to concurring negligence, we do not believe that it constituted misdirection in this case. The plaintiff did offer an instruction on concurrent negligence which the court gave. In view of the comparative-

ly simple instruction situation of this case, we are of the opinion that plaintiff's instruction sufficiently explained the issue of concurrent negligence and that "the instructions, read and construed as a whole, contain a complete exposition of the law necessary to guide the jury in arriving at a verdict and are not contradictory, * * *." Nelson v. Tayon, Mo., 265 S.W.2d 409, 414. We also note that, in this case, plaintiff's principal instruction actually referred only to defendant's negligence as causing plaintiff's injury, although it might well have made further reference to its contributing to cause the injury. Nelson v. Tayon, supra.

█ Plaintiff also contends that the use of the phrase, "due to," in Instruction D–6 makes it subject to the same objection of misdirection on the point of concurring negligence. This language, in sole cause instructions, has been frequently approved. Brooks v. St. Louis Public Service Company, Mo.Sup., 275 S.W.2d 252, 255(7); Schlemmer v. McGee, Mo.Sup., 185 S.W.2d 806, 808(1); Jants v. St. Louis Public Service Company, 356 Mo. 985, 204 S.W.2d 698, 701(1). We do not consider that it makes the instruction bad on the ground here urged.

The judgment is affirmed.

PER CURIAM.

The opinion of WELBORN, C., affirming judgment is adopted as the opinion of the Court en Banc.

EAGER, C. J., and STORCKMAN, LEEDY and HOLMAN, JJ., concur.

HYDE, J., dissents in separate opinion filed.

DALTON, J., dissents and concurs in separate dissenting opinion of HYDE, J.

HENLEY, J., not sitting.

HYDE, Judge (dissenting).

I respectfully dissent from the ruling herein that it was not error to give sole cause Instruction D–6. My view is that Instruction D–6 was prejudicially erroneous for the reasons stated by Coil, C., in his dissent in Division No. 1 as follows:

"The facts from defendant's standpoint (summarized as stated in the opinion) are that plaintiff was a passenger in an automobile driven northbound on a 2-lane highway by her husband which stopped in the northbound lane. Defendant, also going north (following the car in which plaintiff was riding), started down a hill at 35 m. p. h. and when halfway down the hill saw plaintiff's car stopped in the northbound lane. Defendant testified that he could not thereafter stop in time to avoid running into the rear of plaintiff's car. Defendant would not say how far from plaintiff's car he was when he first saw it, but he did say that one could not see more than 250 feet from the point of collision southwardly (the direction from which he was approaching); the most reasonable, if not the only, inference from that testimony is that by defendant's own admission he could have seen plaintiff's husband's car when he (defendant) was 250 feet from it.

"Plaintiff's case was submitted by an instruction under the so-called 'rear-end collision doctrine.' Such an instruction, while we hold it submits 'specific' negligence, is nevertheless, in form at least, a 'general negligence' submission. Defendant's instruction here in question, in pertinent part (see page 412 of principal opinion for complete instruction) instructed only this—that if the jury found plaintiff's husband was negligent in stopping his automobile in the northbound traffic lane of the highway and that such negligence, if any, was the sole cause of the collision between the two automobiles, and that the collision was not due to any submitted negligence of defendant Vaughn, then the verdict would be for defendant and against plaintiff.

"It seems clear to me that plaintiff's husband's negligence in stopping in the northbound lane of the 2-lane highway *could not have been the sole cause* of the collision if the defendant, in the exercise of the highest degree of care, could and should have stopped or swerved in time to have avoided the collision. It must follow, it seems to me, that defendant's sole cause instruction should have hypothesized facts upon which the jury reasonably could have based *its conclusion* that plaintiff's husband's negligence was the sole cause. It is true that the instruction permitted the jury to make *the conclusionary finding* that plaintiff's husband's negligence in stopping the car on the traveled portion of the road constituted the sole cause of the collision. But the facts which would have supported the jury's conclusion in that respect were not hypothesized but were improperly omitted. Semar v. Kelly [352 Mo. 157], 176 S.W.2d 289, 292 [5, 6]; Long v. Mild [347], Mo. [1002], 149 S.W.2d 853, 857–861; Johnson v. Cox, Mo., 262 S.W.2d 13, 15[5].

"It is also true that the instruction (D–6) negatived defendant's negligence as submitted in other instructions. The only respect in which defendant's negligence was submitted in other instructions in this case was that defendant was negligent in running into the rear of plaintiff's automobile which was stopped and stationary in the northbound lane of the highway. Now, of course, it is proper to and it is required that a sole cause instruction negative defendant's negligence which is submitted in plaintiff's instructions. But that requirement does not fulfill the separate additional and essential requirement that a sole cause instruction must hypothesize *a fact situation which will make clear that the jury by its specific findings will have found that no acts or omissions of defendant concurred in causing the casualty in question.* Semar v. Kelly, supra.

"For example, in the present case instruction D–6 should have contained a hypothesis of facts along this line—and if you find that when the defendant in the exercise of the highest degree of care could and should have

seen plaintiff's husband's car stationary in the northbound lane of the road in question, defendant's car was then so close to plaintiff's husband's car that defendant could not in the exercise of the highest degree of care have avoided a collision by stopping or swerving, and that plaintiff's husband's negligence in stopping his automobile in the northbound lane of the 2-lane highway was the sole cause of the collision and that the collision was not due to any negligence of the defendant as submitted in other instructions, then your verdict will be in favor of the defendant and against the plaintiff.

"A defendant is entitled to win a lawsuit if the jury finds that defendant was not negligent in any respect submitted by plaintiff. That is, the defendant may say to the jury, 'If you find I was not negligent in any of the respects submitted in plaintiff's instruction, then you must find for me.' *But if a defendant wishes to go farther and use and have the advantage of the argumentative device known as a sole cause instruction,* he should have the burden of hypothesizing facts which, if found, eliminate any act of defendant as a concurring cause. When a defendant voluntarily assumes that unnecessary burden (it is in truth an unnecessary burden—because defendant may accomplish the same thing by a true converse instruction), he may discharge that burden only by authorizing a sole cause finding which eliminates (by virtue of a finding of hypothesized facts as opposed to the finding of an abstract conclusion) his concurrent negligence. The fact that a defendant may negative the negligence submitted by plaintiff has nothing whatever to do with whether there was a sufficient hypothesis of facts, a finding of which supports the jury's conclusionary finding that someone's negligence other than defendant's was the sole cause. The two requirements, i. e., hypothesizing sufficient facts and negativing submitted negligence, are separate and distinct, and when an attempt is made to equate them confusion results."

I would reverse and remand.