Charles W. LOTSHAW, Plaintiff-Appellant,

v.

Wilburn Hollis VAUGHN, Defendant-Respondent.

No. 31408.

St. Louis Court of Appeals.

Missouri.

July 21, 1964.

Thurman, Nixon & Smith, Jeremiah Nixon, Hillsboro, Max C. Nelson, Harold I. Elbert, St. Louis, for plaintiff-appellant.

Dearing, Richeson, Weier & Roberts, H. L. C. Weier, Hillsboro, for defendant-respondent.

DOERNER, Commissioner.

This action arose out of a rear-end collision between two motor vehicles. Plaintiff, whose car was struck from the rear, sued defendant for personal injuries and property damages of $9617.68. Defendant counterclaimed for similar damages of $1200.00. The jury returned a verdict in favor of defendant on plaintiff's claim and for defendant in the sum of $500 on his counterclaim. Plaintiff prosecutes this appeal from the ensuing judgment. A companion case brought by plaintiff's wife, a passenger in his car, was decided by the Supreme Court en Banc on June 8, 1964. Lotshaw v. Vaughn, Mo., 380 S.W.2d 410.

Since the only points raised on appeal involve two instructions given at the request of defendant we may state the facts briefly. The collision occurred on October 30, 1960, at approximately 9:00 P.M., on Highway 30, north of and in the vicinity of Cedar Hill. It was a dark night and rain was falling at the time. From the outskirts of Cedar Hill northwardly the grade of the highway rises for about three blocks to a rounded hill, and then descends to a level stretch, according to plaintiff, or to a dip or "duck nest" between two hills, according to defendant. From the point of the collision south to the crest of the hill is 768 feet, as measured by plaintiff and his witness, Deputy Sheriff Gerdees. At the scene of the accident Highway 30 is a two-lane concrete-paved road, 30 feet wide, according to plaintiff, 18 feet, according to Gerdees, with shoulders on both sides.

Plaintiff's version of the occurrence, supported in general by the testimony of his wife, was that as his 1960 Ford Thunderbird topped the crest of the hill, proceeding northwardly, he saw a flashlight being waved in his lane of travel. He brought his car to a normal stop when he reached the individual signaling him, with the right wheels off on the shoulder and the left wheels on the pavement. He observed a car stopped on the southbound lane, with its hood up and a man apparently working on the motor. Another man, whom he later learned was named Knox, who had flagged him down, explained that their car had flooded out and asked plaintiff for a push. Plaintiff replied that his car was new but that he would continue on and send a tow truck back. He started up, had his car back on the northbound lane, but had only gone three car lengths or about 40 feet when his automobile was struck from the rear by defendant's vehicle. Plaintiff testified that he was stopped for only three to five seconds.

Defendant's version was that he was proceeding north on Highway 30 at a speed of about 35 miles per hour. It was raining very hard. His windshield wiper was operating and his headlights were on. He reached the top of the hill south of the point of collision and started down, and his speed may have increased slightly. He first saw plaintiff's car a second or so be-

fore the impact. As defendant described it, " * * * it was so close that I was too close to him to ever keep from hitting him when I saw him." Plaintiff's car, according to defendant, was stopped squarely in the northbound lane, and did not move before the impact occurred. Defendant hit his brakes so hard that his wife, in the car with him, was thrown forward, breaking the windshield with her head and some chrome on the dash with her knee. He also tried to swerve to the left, but the center of his car hit the left rear of plaintiff's automobile, forcing his bumper under that of plaintiff's. Defendant testified that because of the topography his headlights would not have illuminated plaintiff's vehicle " * * * until after I was near about half way down the hill." On cross-examination defendant declined to "guess" his distance from the Thunderbird when he first saw it.

Defendant's witnesses Fox and Triplett corroborated defendant's testimony that plaintiff's car was stopped in the northbound lane at the time the collision occurred and both estimated that it had been so stopped for from three to five minutes. Knox also testified that his own car was completely off of the paved portion of the highway and on the west shoulder.

In his petition plaintiff charged defendant with negligence in overtaking and colliding with the rear of plaintiff's motor vehicle, as well as negligence in operating his car at an excessive speed under the circumstances, failure to keep a lookout, failure to have his automobile under control, failure to warn, slacken speed, swerve or stop, and humanitarian negligence in failing to have stopped, swerved, slackened speed or warned. However, the only ground on which plaintiff submitted his case to the jury was under what has become known as the rear-end collision doctrine. Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914; Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360.

The two instructions criticized by plaintiff are as follows:

### "INSTRUCTION D–4

"The Court instructs the jury that if you find and believe from the evidence that on the occasion in question, the defendant, Vaughn, was driving northwardly on Highway 30 at a speed of 35 to 40 miles per hour and that it was raining, dar, (sic) and visibility was poor, and that as he drove Northwardly, he passed the crest of a hill and as he started down on the other side, his lights shown upon the Thunderbird automobile operated by the plaintiff, Charles W. Lotshaw; and if you further find that the said Charles W. Lotshaw had stopped his Thunderbird upon the paved portion of said Highway 30 in the Northbound traveled lane thereof in a low place on said highway beyond (sic) the crest of said hill and filed (sic) to place the right side of his motor vehicle as near the right hand side of the highway as practicable; and if you further find that in so doing the said Charles W. Lotshaw failed to exercise the highest degree of care in the operation of his automobile and was negligent; and if you further find that his negligence, if any, caused, or contributed to cause, the collision between the two automobiles as aforesaid, then, even though you may also find the defendant, Vaughn, negligent under other instructions herewith submitted to you, your verdict will be in favor of the defendant, Vaughn, and against the plaintiff, Lotshaw."

### "INSTRUCTION D–6

"The Court instructs the jury that in respect to the defendant's counterclaim, if you find and believe from the evidence, that on the occasion in question, the defendant, Vaughn, was exercising the highest degree of care for his safety and the safety of others

upon said highway and was driving northwardly on Highway 30 at a speed of 35 to 40 miles per hour and that it was raining, dark, and visibility was poor, that as he drove Northwardly, he passed the crest of a hill and as he started down on the other side, his lights shown upon the Thunderbird automobile operated by the plaintiff, Charles W. Lotshaw; and if you further find that the said Charles W. Lotshaw had stopped said Thunderbird automobile upon the paved portion of said Highway 30 in the Northbound lane thereof in a low place on said highway beyond the crest of said hill and failed to place the right side of his motor vehicle as near the right hand side of the highway as practicable; and if you further find that in so doing the said Charles W. Lotshaw failed to exercise the highest degree of care in the operation of his automobile and was negligent; and if you further find that the negligence of Charles W. Lotshaw, if any, directly caused the collision between the two automobiles and that as a result thereof the defendant, Vaughn, was injured and his property damaged, and that Vaughn was not guilty of negligence as submitted to you in other instructions, then your verdict will be in favor of the defendant, Vaughn, and against the plaintiff, Lotshaw on defendant's counterclaim."

The sole and only complaint made as to both instructions, as expressed in plaintiff's brief, is that "The foregoing instruction tells the jury that a speed of 35 to 40 miles an hour on a night when it is raining and visibility is poor is not negligence. Under this instruction the jury was told in effect that defendant was in the exercise of the highest degree of care even though he was driving at 35 to 40 miles an hour on a night when it was 'raining very hard' * * *." Plaintiff contents himself with the generality of his complaint, and does not undertake to point out the specific language by which, according to plaintiff,

the jury was told that defendant was not negligent in traveling at the speed and under the conditions mentioned.

Whatever other infirmities may be inherent in the foregoing instructions we cannot agree that they are vulnerable to the charge made by plaintiff. There is no statement in either instruction by which the jury was told, directly or indirectly, that in operating his automobile at a speed of 35 to 40 miles an hour under the existing conditions defendant was not negligent. As we read the instructions, the reference to defendant's speed and to the prevailing conditions was " * * * a mere statement of the evidentiary facts * * *," Coit v. Bentz, Mo., 348 S.W.2d 941, 944. There was not only evidence to support the hypothesization of defendant's speed, but no dispute about it. For plaintiff testified that defendant told him he had been going 40 miles an hour, and defendant stated that he was traveling at 35 miles an hour as he came over the crest of the hill and that his speed increased a little bit as he went downgrade.

▇ It is apparent that by Instruction No. D–4 defendant sought to interpose the defense of contributory negligence as a bar to plaintiff's recovery on his claim. The facts hypothesized were that plaintiff had stopped his automobile upon the paved portion of the highway at a low place beyond the crest of the hill, and that it was raining, dark, and visibility was poor. These facts were sufficient upon which the jury might base a finding of contributory negligence on the part of the plaintiff. Lotshaw v. Vaughn, supra; House v. Sante Fe Trail Transp. Co., Mo., 217 S.W. 2d 382. The jury was told that if it found that in so doing plaintiff had been negligent, and that such negligence caused or contributed to cause the collision, then even though it found the defendant negligent under other instructions, its verdict would be in favor of defendant on the issue. Instruction No. D–6 was limited to the defendant's counterclaim. The facts regard-

ing defendant's action in stopping on the highway, under the conditions described, were likewise hypothesized. The jury was required to find that in so doing plaintiff was negligent, and was expressly told that before it could find for defendant on his counterclaim it must find that defendant was not guilty of negligence as submitted in other instructions.

The question of whether or not defendant exercised the highest degree of care was for the jury. Lotshaw v. Vaughn, supra; Withers v. Pettit, Mo., 337 S.W.2d 66. In our opinion that issue was submitted to the jury by both instructions and was not removed from the jury's consideration. Boresow v. Manzella, Mo., 330 S.W.2d 827.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

WOLFE, Acting P. J., ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.