Argued June 3, affirmed July 15, petition for rehearing
denied August 10, 1971

PARROTT, *Respondent, v.* SPEAR,
*Appellant.*

487 P2d 71

In Banc

*James E. Griffin,* Portland, argued the cause for appellant. With him on the briefs were Williams, Montague, Stark, Hiefield & Norville, P.C., Portland.

*Thomas H. Ryan,* Portland, argued the cause and filed the brief for respondent.

HOWELL, J.

Plaintiff filed this action against defendant for personal injuries resulting from an automobile accident. A jury returned a verdict for the defendant. On motion of the plaintiff, the trial court set aside the judgment for defendant and granted a new trial. Defendant appeals.

The accident occurred near the intersection of Southwest Garden Home Road and Southwest 65th

Avenue in Portland. Garden Home Road is a two-lane paved road running generally in an easterly-westerly direction. Sixty-fifth Avenue runs generally north and south and intersects with Garden Home Road at a 90 degree angle. Garden Home Road is level for a distance west of the 65th Avenue intersection, then it curves to the right while rising up a hill which crests at 65th Avenue.

Plaintiff was eastbound on Garden Home Road on his way to his home on 65th Avenue. As plaintiff approached 65th Avenue, preparatory to turning right, he noticed a garbage truck traveling north up 65th Avenue. Plaintiff stopped in the right lane of Garden Home Road to wait for the garbage truck to pass through the intersection. Seeing the garbage truck intended to make a left turn, plaintiff proceeded east across 65th Avenue to allow room for the truck to make the left turn. Plaintiff then brought his car to a stop approximately 20 feet east of the intersection on Garden Home Road. Traffic built up behind the garbage truck and plaintiff waited for it to clear, intending to back up and proceed south on 65th Avenue. Plaintiff's brakes were set and his brake lights were on as his car was stopped in the street. Plaintiff testified that he was stopped for an interval of three to five minutes. Plaintiff also testified that he looked through his rearview mirror to check the traffic.

The defendant was driving easterly on Garden Home Road. As she drove up the hill the sun was shining brightly in her eyes, and she decreased her speed from approximately 25 or 30 miles per hour down to 20 miles per hour. She did not see the plaintiff's car until immediately before the collision. At the time of the collision the two cars were directly in line with each other in the eastbound lane of Garden Home Road.

The defendant charged the plaintiff with various acts of contributory negligence, including the following:

1. Failing to keep a proper lookout for other vehicles traveling upon S.W. Garden Home Road, and in particular for the vehicle operated by defendant;

2. Stopping his vehicle on a public highway at a time and place when it was unsafe to do so;

3. Stopping his vehicle without first determining that such movement could be made in safety.

After the jury returned a verdict for the defendant, the plaintiff moved to set aside the judgment and to grant a new trial on the grounds that the court erred in failing to allow plaintiff's motion to strike and to remove the above allegations of contributory negligence from the jury's consideration. The trial court granted plaintiff's motion for a new trial. The defendant contends that the above allegations of contributory negligence were properly submitted to the jury and that the court erred in granting a new trial.

1. The law is well established that where error has been committed an order granting a new trial will be reversed only on a showing that the trial court abused its discretion. The order will not be reversed if it should be sustained on any of the grounds assigned in the motion. *Hillman v. North. Wasco Co. PUD,* 213 Or 264, 275, 323 P2d 664 (1958).

The defendant states that the third allegation of contributory negligence was intended to charge a violation of ORS 483.126 (1) which states in part as follows:

"(1) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made

in safety. * * * Whenever the operation of any other vehicle may be affected by such movement he shall give a proper signal which is plainly visible to the driver of such other vehicle of the intention to make such movement."

We do not believe that ORS 483.126 (1) is applicable to the facts in the instant case. Plaintiff was not in the act of stopping, nor did he bring his car to an abrupt stop. The facts show that plaintiff had been stopped from three to five minutes. During this period he was waiting for the traffic to clear on 65th Avenue, and he had sufficient time to engage in a conversation with one of the garbage men and with a small boy on a bicycle. The plaintiff was not "stopping" within the meaning of the statute; the act of stopping had been completed and plaintiff was parked, waiting for an opportunity to back up and enter 65th Avenue.

2. The defendant's allegation charging a violation of ORS 483.126 (1) should have been stricken. The trial court properly granted a new trial for its failure to do so.①

As this case must be retried, we shall also consider the other two allegations of contributory negligence: failure of plaintiff to keep a proper lookout, and "in stopping his vehicle on a public highway at a time and place where it was unsafe to do so."

---

① The defendant cites Fleenor v. Rowley, 198 Minn 163, 164, 269 NW 370 (1936), wherein the court held it was a question for the jury to determine whether the defendant violated a statute similar to ORS 483.126 (1) requiring a driver before stopping to ascertain that the stop could be made in safety. The case is not applicable because there was a dispute as to whether the defendant was stopped, and, if so, there was no evidence as to how long he had been stopped. In the instant case the evidence is undisputed that plaintiff was sitting in his parked auto for three to five minutes before the accident.

3. We believe that the jury could have inferred from the evidence that plaintiff was not keeping a proper lookout. The plaintiff testified that he frequently "checked" the traffic from the rear by looking in his rearview mirror. However, during the period plaintiff was sitting in his car he "chatted" with a neighbor boy, waved to another neighbor, and exchanged words with one of the men from the garbage truck. He also stated that he did not see defendant's vehicle until it was just a few feet behind him—he "just glanced in the mirror and there she was." The jury could have inferred from the evidence that if plaintiff had been keeping a reasonable lookout he would have seen defendant in time to have moved his car from its parked position on the roadway. The evidence was sufficient to submit the question of reasonable lookout to the jury.

The defendant's second allegation of contributory negligence—that plaintiff stopped his vehicle on a public highway at an unsafe place—constituted an allegation of common law negligence and should have been submitted to the jury.

4. Regardless of the applicability of the statutory proscription contained in ORS 483.362 (1), prohibiting parking a motor vehicle on a public highway outside of a business or residential district when it is practicable to park off the highway, a driver has a common law duty to refrain from parking in such a manner as to constitute a source of danger to others using the highway. 3 Blashfield, Automobile Law and Practice 316, 339-341, § 116. In *Graves v. Shippey et al*, 215 Or 616, 625, 300 P2d 442, 337 P2d 347 (1959), we held that ORS 483.362 did not apply because the area in question was a residential district. However, we

held that the evidence presented a question for the jury as to whether the defendant was guilty of common law negligence for parking in an unsafe place. *See also Lotshaw v. Vaughn,* 380 SW2d 410 (Mo 1964), (stopping automobile on highway at low place beyond crest of hill on dark rainy night held negligence).

5. Considering the sweeping curve in the highway, the crest of the hill at the intersection of Garden Home Road and 65th Avenue, the bright sun in the face of drivers approaching from the west, and plaintiff's parking in the street preparatory to backing up to 65th Avenue, we conclude that the evidence presented a jury question as to whether plaintiff's parking constituted a failure to exercise due care.

The trial court properly allowed plaintiff's motion for a new trial.

Affirmed.