Argued July 7, affirmed September 8, 1972

MILLARD, *Appellant, v.* MITCHELL BROS.
TRUCK LINES ET AL, *Respondents.*
500 P2d 713

See also, 261 Or 165, 492 P.2d 783.

*Vernon Cook,* Gresham, argued the cause and filed the briefs for appellant.

*Edwin J. Peterson,* Portland, argued the cause for respondents. With him on the brief were Michael J. Gentry, and Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE and HOWELL, Justices.

HOWELL, J.

Plaintiff appeals from a judgment entered in favor of defendants in an action for personal injuries. Since no question of *respondeat superior* is involved, we will refer to defendant Mitchell Bros. Truck Lines as if it were the only defendant.

The facts are not generally disputed.

The defendant parked its eight-foot-wide flatbed truck on the north side of S.E. Foster Boulevard near Portland. There, the street consists of two westbound and two eastbound lanes, each 12 feet in width; a center area of 12 feet; and an eight-foot parking area on both the north and south sides of the street. On the morning of the accident the street was apparently well lighted, and the weather was clear and dry.

At about 2 a.m. on November 24, 1968, plaintiff drove his car into the rear end of defendant's truck and suffered substantial injuries. Plaintiff had no memory of the accident.

In his complaint, plaintiff charged the defendant with negligence in (1) parking the truck without providing warning lights visible for 500 feet; (2) failing to maintain rear-end reflectors readily visible "within 500 feet to 50 feet" from defendant's truck; (3) parking in the street when it was practicable to park off the street; (4) parking in an unsafe place.

The court submitted only the first allegation to the jury and struck all the remaining allegations. Plaintiff does not challenge the court's refusal to instruct on allegation number three. Plaintiff assigns as error the withdrawal of allegations two and four from the jury's consideration.

In support of his primary contention that the court erred in refusing to submit the allegation of common law negligence in parking to the jury, plaintiff relies on the case of *Parrott v. Spear,* 259 Or 503, 487 P2d 71 (1971). The facts are quite different. There, the plaintiff was parked in the right-hand lane of a two-lane street just over the crest of a hill and was waiting to back up to enter an intersecting street. Traffic coming up behind plaintiff was facing a bright sun. We held that plaintiff's parking under these circumstances constituted a jury question on whether plaintiff failed to use due care.

■■ In the instant case the street consisted of four lanes, plus a center area and eight feet of parking area on both sides, which a deputy sheriff stated was ample for parking where defendant placed its truck. Visibility was good for one-quarter mile in each di-

rection, the street was well lighted, and the night was clear and dry.

We do not believe that the court erred in removing this allegation from the jury's consideration.

Neither did the court err in removing the allegation that defendant failed to maintain rear-end reflectors readily visible "within 500 feet to 50 feet" from defendant's truck. Two reflectors plus seven clearance lights were located on the rear of the truck. Plaintiff introduced some photographs taken a day and a half after the accident which he contends show dirt on the reflectors. Assuming this to be a fact, plaintiff failed to connect the condition of the lights at the time of the photograph with the time of the accident. Also assuming there was some dirt on the lights, plaintiff failed to show that the lights were still not "readily visible at night from a distance of within 500 feet to 50 feet" from defendant's truck.

As plaintiff's proof failed to support the allegation, the trial court properly withdrew it from the jury's consideration.

■ Lastly, plaintiff contends the court erred in refusing to give all of a requested instruction pertaining to certain lights on parked vehicles required by ORS 483.420. The part omitted stated, in effect, that failure to have the required lights would be negligence per se. The trial court did instruct the jury on the statutory requirement of lights on parked vehicles and in another portion of the instructions told the jury that violation of a statute constituted negligence as a matter of law. We have read all of the court's instructions and consider them to have been eminently fair to both parties.

Affirmed.